**818**

**William SAWYER, Appellant,**

v.

**Maurice H. SIGLER, Warden of the Nebraska State Penitentiary et al., Appellees.**

**Carl BECKER, Appellant,**

v.

**Maurice H. SIGLER, Warden of the Nebraska State Penitentiary et al., Appellees.**

**Nos. 71-1047, 71-1048.**

United States Court of Appeals,
Eighth Circuit.

June 29, 1971.

Donald E. Endacott, Lincoln, Neb., filed briefs for appellants.

Clarence A. H. Meyer, Atty. Gen., Lincoln, Neb., and C. C. Sheldon, Asst. Atty. Gen., filed brief for appellees.

Before MATTHES, Chief Judge, GIBSON, Ciruit Judge, and HENLEY, District Judge.*

PER CURIAM.

These two appeals from orders entered by the United States District Court for the District of Nebraska were submitted without argument and have been considered together. We affirm.

Appellants, William Sawyer and Carl Becker, are both inmates of the Nebraska State Penitentiary at Lincoln, Nebraska. In early 1970 they filed separate petitions in the District Court alleging that they, as inmates, were being deprived by State authority and under color of State law of rights protected by the Eighth and Fourteenth Amendments to the Constitution of the United States. Jurisdiction was invoked on the basis of 42 U.S.C.A., § 1983, read in connection with 28 U.S.C.A., § 1343(3).

Specifically, appellants complained that they were being denied needed medical attention and treatment. They also complained of a policy enunciated by appellee, Sigler, to the effect that inmates of the Penitentiary would not be awarded either statutory good time or meritorious good time with respect to periods of confinement during which they were not working even though their idleness was due to illness or physical debility or disability.

Appellants were allowed to prosecute their petitions for relief in forma pauperis, and counsel was appointed to represent them. Their petitions, along with a similar one filed by a third inmate, were consolidated for purposes of hearing. The District Court held a full evidentiary hearing, and in connection with

* Chief Judge, United States District Court, Eastern District of Arkansas, sitting by designation.

its orders filed a memorandum opinion incorporating its findings of fact and conclusions of law. Sawyer v. Sigler, D.C.Neb., 320 F.Supp. 690 (1970).

In the case of *Sawyer* the District Court found that in general his claim of lack of proper medical attention had not been sustained. However, the Court found that requiring him to take needed medication in a particular form which nauseated him amounted to cruel and unusual punishment prohibited by the Eighth Amendment as carried forward into the Fourteenth and ordered the Warden to permit Sawyer "to receive and consume in pill or capsule form, such medication as may be prescribed by any physician employed by the Nebraska Penal and Correctional Complex, except where such physician in writing declares that the medication is reasonably effective to accomplish the desired medical purpose of that medication in crushed or liquid form."

The claim of appellant Becker that he had unconstitutionally been deprived of needed medical attention and services was rejected in its entirety.

On the question of the Warden's policy with respect to good time, the District Court held unconstitutional that part of the policy which denied statutory good time to convicts who due to illness or disability were unable to work but upheld the policy as it related to meritorious good time.

Appellants appeal from those portions of the orders adverse to them. Appellee did not take cross appeals.

Consideration of the opinion of the District Court convinces us that the Court in passing upon the claims of appellants applied correct legal standards, including constitutional standards, and that the findings adverse to appellants have adequate support in the record.

Although perhaps unnecessary for our decision here, we note that the District Court may have approached the outer limits of constitutional requirements in granting to Sawyer the limited relief that was granted to him in connection with the form of his medication. We make this observation because we wish to emphasize our frequently expressed view that the federal courts, whether in habeas corpus or in section 1983 contexts, should not be unduly hospitable forums for the complaints of either State or federal convicts; it is not the function of the courts to run the prisons, or to undertake to supervise the day-to-day treatment and disciplining of individual inmates; much must be left to the discretion and good faith of prison administrators. That is not to say, of course, that the federal courts should not exercise their jurisdiction in proper cases, but the exercise of it should be sparing. See: Holt v. Sarver, 442 F.2d 304 (1971); Wilwording v. Swenson, 8 Cir., 439 F.2d 1331 (1971); Burns v. Swenson, 8 Cir., 430 F.2d 771 (1970); Cates v. Ciccone, 8 Cir., 422 F.2d 926 (1970); Jackson v. Bishop, 8 Cir., 404 F.2d 571 (1968).

Throughout these proceedings appellants have been represented without charge by Mr. Donald E. Endacott of Lincoln under appointment by the District Court. We take this opportunity to thank him for his services.

Affirmed.