**Francis L. FRAZIER, Appellant,**

v.

**Dr. P. J. CICCONE, Appellee.**

**No. 74–1422.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 18, 1974.

Decided Nov. 15, 1974.

Rehearing and Rehearing En Banc
Denied Dec. 3, 1974.

David R. Freeman, Federal Public Defender; and Ray Conrad, Asst. Federal Public Defender, Springfield, Mo., on brief for appellant. Francis L. Frazier, pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

Petitioner is presently serving a ten-year sentence at the Springfield Medical Center for federal prisoners. He filed a petition for a writ of habeas corpus challenging the conditions of his confinement. For the reasons discussed in Willis v. Ciccone, 506 F.2d 1011, filed this date, we find no necessity for a remand to achieve compliance with Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L.Ed.2d 879 (1974). We affirm the judgment of the district court.

Frazier contends there was no factual basis for a derogatory notation placed in his prison record by correctional personnel. The challenged notation concerned an alleged statement made during a conversation between the petitioner and a correctional officer. He summarized the note's content in his petition: "Petitioner had said that he was going to take the institution over and that Petitioner had a list of names of the staff who were to be taken care of." His claim for habeas relief seeking to have the notation expunged was based upon an allegation that the note is factually inaccurate and that its presence in his record constitutes cruel and inhuman treatment within the proscriptions of the Eighth Amendment.

When this petition was filed, the district court entered a routine order referring the case to a magistrate. After initial review the magistrate found that his claim for the expunction from his file of a notation which was not a disciplinary report was without merit. However, he ordered the government to respond and the parties to appear at an evidentiary hearing on the question of whether petitioner's custody classification was jeopardized by the notation. The government response stated that petitioner had failed to allege a denial of any federal right. The petitioner filed an amended petition through appointed counsel alleging basically the same facts. An order continuing the hearing preceded another order setting the hearing. The district court then filed an amended order of reference. The magistrate held a full evidentiary hearing and filed a lengthy report containing his findings of fact, conclusions of law and a recommendation of the relief to be granted. The magistrate found that the note need not be expunged (since there was evidence to support it), but that a supplementary note should be filed stating that the prisoner had an improved attitude.[1] Thereafter, in order to obtain

a review by the district judge pursuant to the district court's local rules, both the petitioner *pro se* and his counsel filed lengthy exceptions to the magistrate's report. The district court entered a nine-page order on May 14, 1974, adopting the magistrate's report and overruling the exceptions. This appeal followed.

We find the petitioner (1) failed to state a claim for relief in habeas corpus; (2) was not entitled to appointment of counsel; (3) was not entitled to an evidentiary hearing; and (4) was not entitled to any relief. This case should have been summarily decided by the district court. The unnecessary and timely procedures resorted to misapprehend the intended scope and use of the extraordinary writ of habeas corpus. *See* Willis v. Ciccone, 506 F.2d 1011, filed this date.

 The petition alleges that the notation in the petitioner's file constituted cruel and inhuman treatment in violation of the Eighth Amendment. We think this claim frivolous on its face. There is no allegation that the notation has resulted in the loss of good time or a change of custody. *Cf.* Wilwording v. Swenson, 502 F.2d 844 (8th Cir. 1974). The response by prison authorities clearly demonstrated there was evidence to support the notation. *See* Willis v. Ciccone, *supra.* Moreover, the petition should have been dismissed as failing to state a claim for habeas relief. As the magistrate observed, the notation involved is in the form of a "nurse's note." It was not a disciplinary report and, as the prison authorities attested, it was placed in his hospital record, a confidential file not used for parole purposes or as a basis of punishment. When it is alleged that false disciplinary reports have been entered without due process being afforded and where loss of good time or punitive isolation results, or where the adverse impact of the discipli-

---

1. Prison hospital officials testified they would have made the latter entry in due course, and the propriety of this supplementary order is not appealed from by the government.

nary action may affect the prisoner's eligibility for parole, the petition may well state a claim for relief. *See* McDonnell v. Wolff, 483 F.2d 1059, 1064 n. 7 (8th Cir. 1973); Black v. Warden, 467 F.2d 202, 204 (10th Cir. 1972); Hudson v. Hardy, 137 U.S.App.D.C. 366, 424 F.2d 854, 856 (1970). This was not the case here.

 As this court observed in Sawyer v. Sigler, 445 F.2d 818 (8th Cir. 1971):

> [I]t is not the function of the courts to run the prisons, or to undertake to supervise the day-to-day treatment and disciplining of individual inmates; much must be left to the discretion and good faith of prison administrators. That is not to say, of course, that the federal courts should not exercise their jurisdiction in proper cases, but the exercise of it should be sparing.

*Id.* at 819.

Judgment affirmed.