William **WILLARD**, Appellant,

v.

**Dr. P. J. CICCONE**, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.

Nos. 74–1132, 74–1173, 74–1192 and 74–1193.

United States Court of Appeals, Eighth Circuit.

Dec. 4, 1974.

David R. Freeman, Federal Public Defender, and Ray Conrad, Asst. Federal Public Defender, Springfield, Mo., filed typewritten briefs for appellant.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., and Anthony P. Nugent, Jr., Asst. U. S. Attys., Springfield, Mo., filed typewritten briefs for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

This habeas corpus appeal is before a screening panel of this Court pursuant to Eighth Circuit Rule 6. The Court on its own motion and pursuant to Eighth Circuit Rule 9(a) affirms the judgment of the District Court.

The appeal is a consolidated one from four separate denials of habeas corpus relief by the United States District Court for the Western District of Missouri. In three of the petitions before the trial court, Nos. 74–1132, 74–1192 and 74–1193, William Willard contended that he was denied due process in disciplinary proceedings at the United States Medical Center for Federal Prisoners at Springfield. He asked in all three that adverse reports placed in his records as a result of the disciplinary proceedings be expunged therefrom, and in No. 74–1193, that Medical Center authorities be required to adhere to minimal standards of due process in all future disciplinary hearings since all such proceedings. denied prisoners due process. In the fourth petition, No. 74–1173, Willard sought relief for cruel and unusual punishment, alleging unprovoked beatings by corrections officers would continue unless injunctive relief was granted.

The District Court, pursuant to its local rule, referred all petitions to a magistrate. The latter conducted evidentiary hearings on all petitions and decided:

(1) That Willard had not been denied procedural or substantive due process in Nos. 74–1132, 74–1192 and 74–1193;

(2) That inasmuch as the prison authorities had voluntarily agreed to expunge the disciplinary reports in Nos. 74–1192 and 74–1193 from the record, the issues with respect to them were moot;

(3) That no class action relief would be given in No. 74–1193, as no justiciable factual controversy remained in that case; and

(4) That relief would not be given on the cruel and unusual punishment claim because the wrong forms had been used in making application for relief, the wrongs alleged were not of a continuing nature cognizable under habeas corpus, and the claims were without merit.

The District Court accepted the magistrate's recommendations with respect to each petition. It denied a request by Willard to hear the cruel and unusual punishment claim on a *de novo* basis, stating that improper forms had been used and that the wrongs alleged were not *cognizable* in habeas corpus because not of a continuing nature.

During the appellate process, Willard was transferred from Springfield to the Federal Prison at Leavenworth, Kansas.

Willard raises the same issues on appeal as he raised below. Additionally, he questions the propriety of the magistrate conducting evidentiary hearings in habeas corpus matters.

While the appeal was pending, the Supreme Court decided Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L. Ed.2d 935 (1974), and Wingo v. Wedding, 418 U.S. 461, 94 S.Ct. 2842, 41 L. Ed.2d 879 (1974), and this Court decided Proffitt v. Ciccone, 506 F.2d 1020 (8th Cir. 1974); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974), and Frazier v. Ciccone, 506 F.2d 1022 (8th Cir. 1974). On the basis of these decisions and for the reasons hereinafter stated, we affirm the decision of the District Court.

 Willard's personal claims in Nos. 74–1192 and 74–1193 have been mooted by the Medical Center's expungement from his records of all references to the matters giving rise to those actions.

■■ Number 74–1193 is not mooted with respect to the class action claims raised therein by the act of expunging, but the petitioner does not adequately represent the class of affected prisoners since he has been transferred to another facility. Moreover, a remand to consider the class action claims would be inappropriate because of the intervening decision of the Supreme Court in Wolff v. McDonnell, *supra,* and the actions taken by the Medical Center to meet the due process requirements of that decision. It is yet to be determined whether the Center does, in fact, meet these requirements. That decision will have to be made initially by the United States District Court for the Western District of Missouri in an appropriate action. The benefits of a prompt and fair administrative procedure to all concerned are obvious, and the Medical Center should be given a reasonable opportunity to develop one.

■ Willard's claim in No. 74–1132 is not such as to entitle him to relief here. The record shows that the decision of the disciplinary board was neither arbitrary nor capricious. Moreover, the procedural safeguards necessary to satisfy pre-*Wolff* constitutional standards were met in the conduct of the disciplinary hearing. *See* Proffitt v. Ciccone, *supra,* 506 F.2d at 1021 & n. 1.

■ Willard's habeas claim in No. 74–1173 with respect to cruel and unusual punishment is denied on the grounds of mootness. *See* Willis v. Ciccone, *supra,* 506 F.2d at 1019.