428 F.Supp. 864 (1977)
Walter C. PEEBLES, Plaintiff,
v.
Paul BISHOP et al., Defendants.
No. 75-971C(4).
United States District Court, E. D. Missouri, E. D.
February 18, 1977.
J. Martin Hadican, St. Louis, Mo., for plaintiff.
Andrew J. Minardi, Associate County Counselor, St. Louis County, Clayton, Mo., for defendants.

MEMORANDUM
NANGLE, District Judge.
Plaintiff Walter C. Peebles brought this suit pursuant to 28 U.S.C. § 1343 in conjunction with 42 U.S.C. § 1983, alleging that defendants Paul Bishop and Juris Stals violated plaintiff's right under the Eighth Amendment to the United States Constitution.
This case was tried to the Court without jury. After hearing the evidence and reviewing the documents, stipulations of the parties and all relevant materials, the Court hereby makes the following findings of fact and conclusions of law:

FINDINGS OF FACT
1) Plaintiff Walter C. Peebles was at all times relevant herein a citizen of the United States. At the time involved herein, plaintiff was an inmate of the St. Louis County Jail awaiting trial on a felony charge. Defendants Paul Bishop and Juris Stals were at the time in question correctional officers employed by the St. Louis County Jail.
2) On July 29, 1974, plaintiff was housed alone in Cell 1 of the close security area. This area consists of five cells, capable of housing two men each, and opens onto a day room. Each cell door can be opened onto this day room and there are additional doors from the day room into corridors.
3) During the evening of July 29, 1974, a fire broke out in plaintiff's cell, centering primarily in plaintiff's mattress. Neither defendant was in the immediate area of the close security cells but became aware of the fire through the shouting of other jail employees. Both defendants immediately ran toward the close security area and both *865 obtained fire extinguishers from the corridors on the way to the close security area. Defendant Bishop arrived at the close security area first and a correctional officer opened the doorway between the corridor and the day room for him. When defendant Stals arrived, this outer doorway was already opened and defendant Bishop was already attempting to extinguish the fire. While defendant Bishop was fighting the fire alone, the cell door to plaintiff's cell was opened. This door was already opened by the time defendant Stals arrived.
4) The evidence established that plaintiff was at the rear of his cell. Dense smoke was emanating from the cell. The fire raged between defendants in the day room and plaintiff at the rear of his cell. Defendants, who were not clothed in fire fighting clothing, could not have reached plaintiff without suffering severe burns. Similarly, plaintiff could not have exited from the cell, although the door was open, without passing through the flames and suffering extensive burns.
5) Defendants extinguished the fire. Defendant Stals left the area and was overcome with the smoke. Defendant Bishop left to obtain a breathing device and returned with it to plaintiff's cell. He assisted plaintiff in leaving the cell. Plaintiff was able to walk for a short distance and then collapsed. Plaintiff was taken to the St. Louis County Hospital and was hospitalized for approximately three weeks.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and the parties to the suit in accordance with 28 U.S.C. § 1343.
In Howell v. Cataldi, 464 F.2d 272, 279 (3d Cir. 1972), the court stated that a plaintiff must establish
1. Intentional performance of conduct
2. Amounting to punishment which is
a. cruel, and
b. unusual
in order to sustain a claim of deprivation of Eighth Amendment rights. The standard used to determine whether the punishment is cruel and unusual is whether it "is sufficiently severe in the circumstances to shock the conscience of a reasonable man". Bethea v. Crouse, 417 F.2d 504 (10th Cir. 1969). Punishment has been defined to include actions "deliberately administered for a penal or disciplinary purpose . . .". Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973).
It is clear from the facts found by this Court that defendants did not deprive plaintiff of his constitutional rights. Defendants' actions in extinguishing the fire did not constitute punishment. Defendants did not refuse to allow plaintiff to leave the cell. The cell door was open. It was the fire that blocked plaintiff's exit from the cell. Defendants did all that they could under the emergency conditions that existed to prevent serious injury to plaintiff. The facts as adduced at trial simply do not constitute a violation of the Eighth Amendment.
Judgment will be entered for defendants.