**Roger G. FLITTIE, Appellant,**

v.

**Jon R. ERICKSON, George Mickelson, Chairman and Harold Shunk, Member of the Board of Pardons & Paroles, Appellees.**

**No. 83–1540.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1983.

Decided Dec. 28, 1983.

---

David O. Carter, Sioux Falls, S.D., for appellees.

Michael J. Schaffer, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for appellant.

Before BRIGHT, JOHN R. GIBSON and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Roger Flittie, an inmate at the South Dakota State Penitentiary, filed suit under 42 U.S.C. § 1983 claiming he was deprived of a meaningful parole consideration at his hearing in August of 1982. The district court granted summary judgment in favor of defendant members and chairman of the South Dakota Board of Pardons and Paroles. A subsequent parole hearing afforded Flittie in April of 1983 renders his claims for injunctive and declaratory relief moot, and thus we vacate the district court's grant of summary judgment and remand with directions to dismiss on grounds of mootness.

On August 26, 1982, Flittie appeared before South Dakota's three-member parole board to make application for parole. The board unanimously denied Flittie's application. Flittie maintains that he was denied a meaningful parole consideration because (1) board member Jon Erickson, who represented the State of South Dakota during various phases of the prosecution and appeal of Flittie's criminal conviction, participated in the decision to deny Flittie parole and (2) Flittie's prison file, which was before the board, contained inaccurate harmful information.

The district court, after concluding that South Dakota's parole statute did not give rise to a protectable liberty interest, held that Flittie was not entitled to due process protections at his parole hearing. On appeal, Flittie seeks declaratory relief granting a hearing before a fair and impartial board and injunctive relief ordering the board to reconsider his application without the participation of member Jon Erickson.

In April of 1983, approximately one month after the district court's ruling, Flittie was again eligible for parole consideration. *See* S.D. Codified Laws Ann. § 24–15–10. On April 25, Flittie appeared before the board to request parole and his application was denied. Jon Erickson did not, however, participate in the April 1983 decision. Rather, the decision was made by parole board members Mickelson and Shunk.

Article III of the United States Constitution restricts the decision-making power of the federal judiciary to cases involving "a case or controversy." A federal court must determine that "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality" to warrant granting relief. *Backus v. Baptist Medical Center,* 671 F.2d 1100, 1102 (8th Cir.1982) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941)). The controversy must exist during all phases of the litigation. *Id.* Cases involving substantial controversies may become moot on appeal by the occurrence of subsequent events. *See Preiser v. Newkirk,* 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). Because at his April 1983 hearing Flittie received the specific relief he requested, a hearing before a fair and impartial board and without the participation of Jon Erickson, his claims for injunctive and declaratory relief are moot. There no longer exists a substantial controversy between parties having adverse legal interests.

■ Flittie argues that his claims are not moot because they fit within a well-recognized exception to the mootness doctrine for claims that are "capable of repetition yet evading review." In order that a claim fall within the "capable of repetition yet evading review" exception to the mootness doctrine, two requirements must be met. It must be determined that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 348, 46 L.Ed.2d 350 (1975). The board, in considering Flittie's application in April of 1983 without the participation of Jon Erickson, demonstrated a clear sensitivity to Flittie's concern that Erickson's participation deprived him of a fair and impartial hearing. Consequently, there is no reasonable expectation that Erickson will participate in future parole proceedings involving Flittie. We conclude that Flittie's claim does not fall within the category of harm "capable of repetition yet evading review."

■ Flittie also argues that because he seeks an award of compensatory and punitive damages, in addition to injunctive and declaratory relief, his case cannot be rendered moot. In his original complaint, Flittie made a request for "such other and further relief as the Court may deem just and equitable, including but not limited to costs, compensatory and punitive damages against the respondents individually and officially." Flittie, however, in an amended complaint, modified his prayer. He requested only that the court grant costs and "such other and further relief as the Court finds just." We find that Flittie abandoned his request for damages in his amended complaint.

Flittie also argues that he was denied a fair and impartial hearing in August 1982, because his prison file, which the board considered prior to rendering a decision, revealed an infraction "for taking unauthorized paper into the visiting room." According to the inmate grievance filed by Flittie, "[t]hese were legal papers [he] took to [his] attorney visit." The inmate grievance determination attached to Flittie's complaint shows that in 1981 the grievance board ordered the infraction expunged.

■ Assuming evidence of the infraction was considered by the parole board at the August 1982 hearing, the severity of the infraction was so minuscule that Flittie is hard pressed reasonably to argue that it affected the board's decision. Further, at the time of considering Flittie's application for parole in April of 1983, Flittie had filed this suit in district court. He attached documents to the complaint evidencing his entitlement to expunction of the May 1979 infraction. We are convinced that these documents adequately notified the parole board of the grievance board's action and in all likelihood the parole board properly declined to consider the infraction in making its decision. In any event, we note that the content of Flittie's file at the April 1983 hearing is controlling with respect to his entitlement to relief. Even assuming that the board had inaccurate information before it in April 1983, and that the information prejudiced its decision, we could not appropriately grant relief under the pleadings in this case.

The district court's grant of summary judgment is vacated and we remand with directions to dismiss the case as moot.