**Renardo PEEBLES, Plaintiff,**

v.

**Gerard T. FREY, et al., Defendants.**

**No. 84–1041C(6).**

United States District Court,
E.D. Missouri, E.D.

Oct. 2, 1985.

As Corrected Oct. 7, 1985.

Linda Shapiro, St. Louis, Mo., for plaintiff.

William Webster, Atty. Gen., Pat Perkins, Asst. Atty. Gen., Jefferson City, Mo., for defendants.

ORDER NUNC PRO TUNC

GUNN, District Judge.

The Memorandum Opinion of the Court in the above-styled case dated October 1, 1985, is corrected to read as follows:

*Memorandum Opinion*

Plaintiff, an inmate at the Missouri Correctional Center at Pacific, Missouri, has

---

filed a two count complaint. Defendants are the director and a division head of the Missouri Department of Corrections and Human Resources and the superintendent and certain correctional officers at the Pacific facility. The first count charges all defendants with conduct in violation of Title 42 U.S.C. § 1983 which deprived him of his eighth amendment right to be free from cruel and unusual punishment. The second count is for money damages against defendant correctional officers Crouch, Scott and Wilson for common law assault and battery.

Jurisdiction of the Court is by virtue of 28 U.S.C. §§ 1331 and 1343.

Based on the following findings of fact and conclusions of law as found by the Court, judgment is for the defendants.

The incident giving rise to plaintiff's cause of action is the result of a physical confrontation between plaintiff and three correctional officers occurring at the Pacific facility on January 26, 1984.

According to defendants, two correctional officers, defendants Sgt. Crouch and Officer Scott, were giving orientation instructions to newly arrived inmates. Plaintiff was housed in the nearby special management unit—a maximum security facility.

During the orientation, annoying vituperations were shouted by plaintiff, apparently designed to interrupt the instruction program. Plaintiff was directed to be quiet, but his offensive actions only increased.

In an effort to quell plaintiff's verbal outburst and to talk to him, Sgt. Crouch and Officer Scott opened plaintiff's cell door. Plaintiff burst forth from his cell and refused to re-enter. As a common disciplinary tactic, Officer Scott commenced to remove plaintiff's personal belongings to a nearby empty cell, and both Scott and Crouch then attempted to coax defendant into a cell. Plaintiff refused to move from the passageway in which he was standing and continued to shout threats at the correctional officers.

Shift Commander Lt. Wilson, also a defendant, appeared on the scene at this point and attempted verbally to persuade plaintiff to enter a cell. As Wilson reached for plaintiff's arm to guide him to a cell, plaintiff grabbed Wilson, shoving him backwards. A chain and whistle attached to Wilson's shirt were broken and Wilson sustained scratches to his neck as a result of plaintiff's actions. As it appeared to him that Lt. Wilson was being knocked to the floor, Sgt. Crouch sprang forth and with his fist struck a blow to plaintiff's forehead, causing plaintiff to fall to the floor. Plaintiff was then handcuffed and taken to the institution hospital where two cuts on his forehead were covered with a butterfly bandage strip.

Plaintiff's version differs mightily. He contends that the verbal assault was not his but came from another cell and that the officers' harassment was part of an ongoing hassle against him. He asserts that he struck no one, but was hit on the forehead by Sgt. Crouch's handcuffs.

The Court in this nonjury case acts as factfinder and passes on the credibility of the witnesses. *Charles Schmitt & Co. v. Barrett,* 670 F.2d 802, 805 (8th Cir.1982). In this instance the Court finds in favor of defendants' version of what transpired. The primary issue, then, is whether excessive force was used to quell the disturbance created by the plaintiff. Clearly, it was not.

### Conclusions of Law

It is evident that in 42 U.S.C. § 1983 contexts, it is not the function of the federal courts to run the prisons nor to supervise the discipline of inmates. *Frazier v. Ciccone,* 506 F.2d 1022, 1024 (8th Cir.1974); *Sawyer v. Sigler,* 445 F.2d 818, 819 (8th Cir.1971).

To state a cause of action under 42 U.S.C. § 1983, the plaintiff must establish three elements. (1) The defendants must act under color of state law; (2) the defendants' action must be intentional; and (3) the defendants must deprive the plaintiff of rights secured by the United States Constitution. *Monell v. Dept. of Social*

*Services,* 436 U.S. 658, 691–92, 98 S.Ct. 2018, 2036–37, 56 L.Ed.2d 611 (1978); *Chapman v. Musich,* 726 F.2d 405, 407 (8th Cir.1984). In this instance plaintiff urges a violation of eighth amendment rights by reason of his experience of unusual pain and suffering. For recovery, plaintiff must establish that the quantum of unnecessary and wanton pain that has been inflicted upon him is sufficient to shock the conscience. *Ingraham v. Wright,* 430 U.S. 651, 670, 97 S.Ct. 1401, 1412, 51 L.Ed.2d 711 (1977); *Black Spotted Horse v. Else,* 767 F.2d 516 (8th Cir.1985); *Peebles v. Bishop,* 428 F.Supp. 864, 865 (E.D.Mo. 1977).

■ It can be assumed that defendants acted under color of state law and that their actions were intentional. Thus, the first two steps of the foregoing requirements have been met. The question remains whether any constitutional rights were violated. Was the use of force here unreasonable and the consequential damage of such severity as to constitute an eighth amendment infraction? Obviously not.

In *Johnson v. Glick,* 481 F.2d 1028 (2nd Cir.1973), it was held that a court must examine the need for use of force, the relationship between the need and the amount of force that was used, the injury involved, and whether force was applied in a good faith effort to maintain discipline or to maliciously and sadistically harm the inmate. *Id.* at 1033. This test was adopted by the Eighth Circuit in *Bauer v. Norris,* 713 F.2d 408, 412 (8th Cir.1983), and *Putman v. Gerloff,* 639 F.2d 415, 420 (8th Cir.1981). *Bauer* also states that the use of force in any. matter "cannot be viewed in isolation, but must be considered in the context of all the circumstances . . . ." *Id.* at 412. The Supreme Court has recognized that prison life contains the "ever-present potential for violent confrontation," and as a result prison officials must be "permitted to take reasonable steps to forestall such a threat, and they must be permitted to act before the time when they can compile a dossier on the eve of a riot."

*Jones v. North Carolina Prisoners Labor Union, Inc.,* 433 U.S. 119, 132–33, 97 S.Ct. 2532, 2541–42, 53 L.Ed.2d 629 (1977).

*Smith v. Thomas,* 475 F.Supp. 1135 (E.D. Ark.1979), is appropriate to the circumstances here. In *Smith,* a guard who had repeatedly hit a prisoner with a "slapper" was found not to have violated the prisoner's rights primarily because the prisoner was involved in a scuffle with a prison employee. Likewise, in this case, the plaintiff Peebles had shoved and scratched Lt. Wilson, and was required to be subdued through physical force. Moreover, in plaintiff's case, it was a single blow to the head with a fist, rather than numerous blows to the head with a "slapper" as occurred in *Smith v. Thomas. See also Williams v. Kelley,* 624 F.2d 695 (5th Cir.1980) (death of pre-conviction detainee caused by choke hold of guard prior to an attack by victim not actionable under 42 U.S.C. § 1983).

*Pearl v. Perry,* No. 85–1657 (8th Cir. Sept. 5, 1985) is also uniquely on point to the situation here. In *Pearl,* the plaintiff inmate sought 42 U.S.C. § 1983 relief and damages for alleged infringement against eighth amendment rights as the result of being sprayed with teargas. Pearl contended that the use of force by means of teargas was unreasonable and unwarranted when prison officials sought to place him in a "quiet cell" over his and his cellmate's objection. Pearl also asserted—as the plaintiff does here—that the guard's actions were part of a continuing scheme of harassment.

Just as the Court concluded in *Smith* and *Pearl* that the guards' behavior in stemming the actions of a rebellious prisoner were necessary to control the situation, the Court in this case finds that the force applied by the defendant correctional officers was reasonable and necessary under the facts and circumstances of the case. Defendants' conduct was not part of any plan against plaintiff to beleaguer as he contends.

In this instance, there was an overt threat to authority, and prompt action was required. The single fist blow to plaintiff's

forehead was warranted and was not excessive. Defendants' actions do not afford plaintiff basis for award of any damages to the § 1983 claim or the common law assault and battery count.

Inasmuch as plaintiff has no legitimate claim against the subordinate correctional officers, *inter alia,* no foundation exists for a cause of action against the defendant supervisory officials.

Judgment for all defendants.