959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John Webster FLANAGAN, Petitioner-Appellant,
v.
WARDEN, U.S. PENITENTIARY, LEAVENWORTH, Respondent-Appellee.
 No. 91-3305.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1992.
 
 Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.
 ORDER AND JUDGMENT**
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner appeals from a district court order denying his petition for writ of habeas corpus under 28 U.S.C. § 2241. The district court held that the original subject matter of the petition had become moot and that additional matters subsequently raised by Petitioner to keep the action alive were beyond the court's jurisdiction. On de novo review, see Slade ex rel. Estate of Slade v. United States Postal Serv., 952 F.2d 357, 360 (10th Cir.1991) (subject matter jurisdiction of district court is question of law reviewable de novo); Williams v. United States Gen. Servs. Admin., 905 F.2d 308, 310 (9th Cir.1990) (questions of mootness are reviewable de novo), we affirm the district court's disposition for substantially the reasons expressed in its order of dismissal.
 
 
 3
 Petitioner initially filed this petition to challenge, on various procedural and evidentiary grounds, a prison disciplinary proceeding in which he was found guilty of planning an escape from the Federal Correctional Institution in Bastrop, Texas. He was sanctioned with a forfeiture of statutory good time, an increase in security level, and a disciplinary transfer to the United States Penitentiary in Leavenworth, Kansas. Although the conduct complained of took place in Texas, jurisdiction over the petition was properly exercised in the federal district of Kansas, where Petitioner was confined at the time of filing. See United States v. Scott, 803 F.2d 1095, 1096 (10th Cir.1986); United States v. Mares, 868 F.2d 151, 151-52 (5th Cir.1989).
 
 
 4
 While the instant petition was pending, the Regional Director of the Federal Bureau of Prisons reversed the disciplinary finding against Petitioner, ordered the record expunged, and directed that Petitioner be returned to Bastrop, subject to a fresh disciplinary proceeding should the authorities elect to take the matter up again upon his return. Substantial authority supports the district court's conclusion that the relief thus afforded Petitioner mooted this action.[1] See, e.g., Preiser v. Newkirk, 422 U.S. 395, 398-99, 401-03 (1975); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989); Flittie v. Erickson, 724 F.2d 80, 81 (8th Cir.1983); Bradley v. Coughlin, 671 F.2d 686, 690 n. 9 (2d Cir.1982); Willard v. Ciccone, 507 F.2d 1, 3 (8th Cir.1974).
 
 
 5
 Petitioner contends, however, that the reinstitution of disciplinary proceedings at Bastrop--leading again to a finding of guilt and consequent transfer, this time to the United States Penitentiary in Lewisburg, Pennsylvania--served to reanimate the controversy pending in the district court. Petitioner apparently sees his subsequent loss, in the second disciplinary proceeding, of the institutional benefits recovered on his administrative appeal from the first, as a mere continuation of the alleged constitutional injury inflicted at the original hearing. The district court rejected this contention, concluding that it was "without power to address the [new] claims, not presented in the original petition, which apparently stem from the proceedings held in Bastrop and Lewisburg after the present petition was made moot." District Court Order filed December 5, 1990. We agree. Whatever the alleged infirmity in Plaintiff's second prosecution for the escape, that is a separate matter from the now-mooted question regarding the propriety of the first, nullified proceeding on the charge. Thus, for the very same reason that jurisdiction over the original subject matter of the petition properly rested in the federal district encompassing Leavenworth, Kansas, jurisdiction over the claims arising subsequent to Petitioner's return to Bastrop exists, instead, in the appropriate federal district court in Texas or Pennsylvania, depending on the locale of Petitioner's incarceration at the time of filing. See Scott, 803 F.2d at 1096; Mares, 868 F.2d at 151-52.
 
 
 6
 Finally, Petitioner attempts to forestall a finding of mootness by invoking the "capable of repetition, yet evading review" exception. See generally Weinstein v. Bradford, 423 U.S. 147, 149 (1975). To fall within this exception, the conduct underlying the otherwise mooted claims must be "likely to recur [and], by nature, so ephemeral as to elude the processes of judicial review." Beattie v. United States, 949 F.2d 1092, 1094 n. 2 (10th Cir.1991). Neither of these conjunctive requirements is satisfied here. The second disciplinary proceeding ultimately did produce another unfavorable outcome for Petitioner, but given the administrative corrective applied by the Regional Director after the first proceeding, there was no particular reason to expect a repetition of the constitutional improprieties, if any, involved therein. See Flittie, 724 F.2d at 82 (Weinstein exception inapplicable to mooted challenge to parole proceeding where, in light of corrective action undertaken since occurrence complained of, there was no reason to expect same procedural problem to recur in future proceedings). Furthermore, there is nothing in the record to indicate any impediment to effective application of what Beattie termed "the processes of judicial review" to Petitioner's current claims once they are brought in the proper district court.
 
 
 7
 Petitioner's motion for leave to proceed in forma pauperis on appeal is GRANTED, and the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We emphasize that the district court's conclusion regarding mootness was based upon the reversal of the disciplinary action taken against Petitioner, not simply the transfer of Petitioner out of the territorial reach of the district court. The latter circumstance, in itself, would not have divested the district court of the power to adjudicate the claims originally asserted in the petition. See Jones v. Cunningham, 371 U.S. 236, 243-44 (1963); Santillanes v. United States Parole Comm'n, 754 F.2d 887, 888 (10th Cir.1985)