KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
The majority and I agree that we have jurisdiction to decide whether the record blatantly contradicts Oliver’s version of the facts. We also agree that the video and the record as a whole do not definitively show that Oliver’s description of the event *460 is incredible. We disagree, however, about whether, after concluding that the record does not blatantly conflict with Oliver’s version of events, we have jurisdiction to consider Greene’s claim that he is immune from suit. Binding precedent in this court compels the conclusion that we do not.
We are without jurisdiction to consider interlocutory appeals contesting a denial of qualified immunity insofar as the appellant officer disputes the plaintiffs record-supported version of the facts. Johnson v. Jones, 515 U.S. 304, 319-20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). The one exception to this rule is when “the plaintiffs version of the facts, which the district court accepted, was ‘so utterly discredited' by the record ... that no reasonable jury could have believed him.’ ” Romo v. Largen, 723 F.3d 670, 674 n. 3 (6th Cir.2013) (quoting Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)). Once the court of appeals has concluded that the record does not blatantly contradict the plaintiffs version of events, however, we do not have jurisdiction to conduct a de novo review of the district court’s determination that there is a genuine dispute of material fact. Romo, 723 F.3d at 674-75 n. 3, 675-76. Neither the Supreme Court nor this court sitting en banc has overruled Romo, and therefore we are bound by its holding. 6 Cir. R. 32.1(b).
The majority further contends that Greene has argued alternatively that he is entitled to qualified immunity even if the court accepts Oliver’s version of the facts. True, Greene purports to raise an alternative argument in his “Summary of Argument” that even under Oliver’s facts the force Greene used was not excessive as a matter of law, Appellant Br. at 27, but Greene does not actually make the argument in his brief. Greene’s entire argument is premised on his own version of the facts. After reciting the standard of review and the purpose of qualified immunity, Greene immediately launches into argument about why Oliver is not to be believed. Appellant Br. at 32-33. Greene then argues that his use of force was justified to protect himself and to maintain or restore discipline. Id. at 33-34. But his arguments rest entirely on two critical, disputed facts: first, that Oliver struck or attempted to strike Greene three times, id. at 32-33; and second, that Oliver had disobeyed several orders, id. at 33-35. The only authorities Greene cites in support of his argument are cases where the corrections officers’ use of force was justified by self-defense. See Appellant Br. at 35 (citing Johnson v. Gallagher, No. CIV. A. 930782, 1994 WL 25378, at *3 (E.D.Pa. Jan. 28, 1994); Peebles v. Frey, 617 F.Supp. 1072, 1074 (E.D.Mo.1985), aff'd, 802 F.2d 462 (8th Cir.1986) (table)). In sum, Greene’s entire “legal” argument rests on a finding that Oliver punched him and disobeyed orders and nothing more, and Greene does not address whether his use of force was justified if Oliver had simply pointed his finger and had followed orders.
Our published cases establish that “[mjere conclusory statements that the officers construe the facts in the light most favorable to the plaintiff cannot confer jurisdiction upon this Court,” Thompson v. Grida, 656 F.3d 365, 368 (6th Cir.2011), unless we can isolate legal arguments. See Estate of Carter v. City of Detroit, 408 F.3d 305, 309-10 (6th Cir.2005) (“If ... aside from the impermissible arguments regarding disputes of fact, the defendant also raises the purely legal question of whether the facts alleged support a claim of violation of clearly established law, then there is an issue over which this court has jurisdiction.”) (citation, internal quotation marks, and alterations omitted). Because *461 Greene’s entire legal argument rests on his version of the facts, we do not have jurisdiction to reach the alternative qualified-immunity argument. Thus, I would affirm the district court on the sole basis that the record does not blatantly contradict Oliver’s version of the facts. Insofar as Greene otherwise disputes Oliver’s version of the facts, Greene’s appeal should be dismissed.