Herbert O. JENSEN, Appellant,

v.

Winston SATRAN, Warden, North Dakota State Penitentiary; Edward Klecker, Director, Department of Institutions, Appellees.

No. 81–1223.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1981.

Decided June 23, 1981.

Herbert O. Jensen, pro se.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck, N. D., for appellees.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Herbert O. Jensen appeals the district court's [1] January 14, 1981, dismissal of his 28 U.S.C. § 2254 petition. Jensen, an inmate at the North Dakota State Penitentiary, alleged in his section 2254 petition that: (1) he was disciplined by prison authorities —specifically, the prison's disciplinary board—in violation of the Fourteenth Amendment's Due Process Clause and in

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

violation of the penitentiary's own rules and regulations; (2) he unsuccessfully appealed the disciplinary board's decision to Warden Winston Satran and to the North Dakota Director of Institutions; and (3) he thereafter unsuccessfully sought *habeas corpus* relief in a North Dakota district court and in the North Dakota Supreme Court.

The facts of the underlying prison disciplinary action involved in this appeal are not fully developed in the record. It is clear, however, that Jensen was charged with "[d]estroying, altering, or damaging North Dakota State property * * *." Inmate Handbook, North Dakota State Penitentiary and State Farm 21 (Prohibited Act No. 152) (Dec. 1978). Specifically, he was charged with an unauthorized painting of a bookshelf in his cell. The bookshelf's condition was discovered when Jensen was transferred to another cell. The state's brief indicates that only the inside and backside portions of the bookshelf were painted.

The prison's disciplinary board found that Jensen painted the bookshelf and therefore violated Prohibited Act No. 152. As penalty for this infraction, the board revoked one month of Jensen's earned good time credit (ten days) and assessed costs against Jensen to recondition the bookshelf.[2] No written decision of the prison's disciplinary board appears in the record.

Jensen sought review of this disciplinary action first from Warden Satran and then from the North Dakota Director of Institutions; both upheld the prison disciplinary board's action. Unfortunately, the record does not disclose how the Warden or the Director of Institutions handled Jensen's appeal. There is a brief, but sketchy, description of these administrative appeals in the state's brief.

Jensen next sought *habeas corpus* relief in the Burleigh County, North Dakota, District Court; his application for relief was summarily denied without an evidentiary hearing on December 1, 1980. Thereafter, the North Dakota Supreme Court denied *habeas corpus* relief in a one-page order signed by its Clerk of Court. After summarizing the prison disciplinary board's action, the North Dakota Supreme Court's order stated, "It appears from the documents filed with the Petition in this Court, Petitioner [Jensen] has been afforded the due process to which he is entitled."

Similarly, the federal district court summarily dismissed Jensen's section 2254 petition without a hearing and before ordering the state defendants to file answers. In dismissing Jensen's petition, the district court relied upon Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.[3]

Both Jensen and the state agree that the sole issue for determination is whether the district court erred in dismissing Jensen's section 2254 petition after reviewing only the petition and attached documents without requesting a response or answer and without holding an evidentiary hearing. For the reasons discussed below, we hold that the district court erred in dismissing Jensen's petition.

■ When an inmate's constitutionally protected interests are at stake, the Four-

---

2. Prison officials apparently took monies from Jensen's account for this purpose, but the record is silent as to the amount actually withdrawn.

3. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, entitled "Preliminary Consideration by Judge," states:

The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.* In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

(West Federal Rules, 1980) (emphasis added).

teenth Amendment's Due Process Clause requires the state prison's disciplinary proceedings to afford an inmate the following protections: (1) at least twenty-four hours advance written notice of the claimed violation; (2) a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action taken; and (3) the right to call witnesses and present documentary evidence in defense when to do so would not be unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 558–572, 94 S.Ct. 2963, 2975–2982, 41 L.Ed.2d 935 (1974). *See also Cummings v. Dunn*, 630 F.2d 649, 650 n.4 (8th Cir. 1980) (per curiam).

■ We reject the state's contention that Jensen's claims do not involve the deprivation of substantial rights protected by the section 2254 *habeas corpus* mechanism. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–489, 93 S.Ct. 1827, 1835–1836, 36 L.Ed.2d 439 (1973) (state prisoners' allegations that corrections officials acted unconstitutionally in depriving them of good time credits deemed "just as close to the core of habeas corpus as an attack on the prisoner's conviction"). *See also Wolff v. McDonnell, supra*, 418 U.S. at 555–558, 94 S.Ct. at 2974–2975 (when a state created a statutory right to good time credit, prisoner's interest is embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause).

Jensen alleges that the disciplinary action was not conducted according to prison regulations. Specifically, Jensen alleges that the prison disciplinary board: (1) refused to disclose whether the offense charged was a "serious or minor infraction;" (2) refused to allow representation by outside counsel; (3) was biased because a prison officer who sat on the disciplinary board also participated in submitting Jensen's incident report; (4) refused to disclose posted prison rules concerning inmate maintenance of assigned cells; and (5) ignored Jensen's argument that "he had not lived in the cell in question for eight days prior to leaving the area."

The record and briefs supply a response to two of Jensen's five contentions. First, neither the Inmate Handbook nor *Wolff v. McDonnell, supra*, require the infraction notice to specify whether the offense charged was "serious or minor." Jensen does not argue that the charge was not clearly made known to him and it appears that such information was adequately furnished to him. Second, neither the Inmate Handbook nor *Wolff v. McDonnell, supra*, require inmate representation by outside counsel.

The record does not supply an adequate response to Jensen's third claim. With respect to this allegation, the state contends that the disciplinary board that reviewed Jensen's case did *not* include, as a member, one of the prison officials who submitted Jensen's incident report. Since the issue remains in dispute, the district court is directed to specifically address the issue upon remand.

The record supplies absolutely no response to Jensen's fourth and fifth claims. Since the prison disciplinary board apparently did not prepare a written decision, it is uncertain whether these contentions were considered. As noted, state prison disciplinary factfinders are required to render a written statement setting forth the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell, supra*, 418 U.S. at 563–565, 94 S.Ct. at 2978–2979. In *Wolff*, the Supreme Court emphasized the importance and necessity of a written record of prison disciplinary proceedings. *Id.* at 565, 94 S.Ct. at 2979. The Inmate Handbook also requires written notice of the disciplinary board findings, its disposition and its reason for both.

■ A federal district court must grant an evidentiary hearing in a section 2254 action if:

(1) the merits of the factual dispute were not resolved in a state hearing, (2) the state factual determination is not supported by the record, (3) the state fact finding procedure failed to provide full and fair hearings, (4) there is a substantial allegation of newly discovered evi-

dence, (5) material facts were not developed at the state court hearing, or (6) it appears the state fact trier did not afford the petitioner a full and fair hearing. *Pruitt v. Housewright,* 624 F.2d 851, 852 (8th Cir. 1980) (*citing Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963)).

This Court has required a federal district court to grant an evidentiary hearing in a section 2254 action "if relevant facts are in dispute and a fair evidentiary hearing was not granted in state court." *Id.* (*quoting Parton v. Wyrick,* 614 F.2d 154, 158 (8th Cir.), *cert. denied,* 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980)). Before a hearing is required, however, it must appear that the petitioner's allegations, if proven, would establish the right to his release.[4] *See also Walker v. Solem,* 648 F.2d 1188 at 1189 (8th Cir. 1981) (standards for evidentiary hearings in section 2254 cases discussed); *Lindner v. Wyrick,* 644 F.2d 724 at 729 (8th Cir. 1981) (dismissal without an evidentiary hearing proper when dispute can be resolved on the basis of the record).

In this case, Jensen did not receive an evidentiary hearing in the North Dakota state court system or in the federal district court. This fact alone would warrant a remand to the district court for an evidentiary hearing.[5] *See Pruitt v. Housewright, supra.* However, the apparent lack of a written decision by the prison disciplinary board renders analysis of the merits of Jensen's claims virtually impossible and, in our view, independently requires a reversal and remand under *Wolff v. McDonnell, supra,* principles. As noted earlier, the Inmate Handbook also requires the disciplinary board to supply a written decision. Jensen's allegations of impropriety in his disciplinary proceedings are not totally insubstantial, at least when viewed from the

record's present state. We emphasize that, on remand, the evidentiary hearing should adduce the relevant facts we find lacking at this time. The state will be given an opportunity to establish that the basic requirements of *Wolff v. McDonnell, supra,* were met in the prison disciplinary proceeding against Jensen.

Reversed and remanded for proceedings consistent with this opinion.

---

4. We note that even though restoration of Jensen's good time credit would not result in his immediate release but would only shorten the length of his confinement, *habeas corpus* under section 2254 is nevertheless the appropriate remedy. *Preiser v. Rodriguez,* 411 U.S. 475, 487–488, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973).

5. For the reasons stated, we cannot agree with the state's contention that an evidentiary hearing was not necessary in the district court under the circumstances of this case. The state's reliance on *Willis v. Ciccone,* 506 F.2d 1011 (8th Cir. 1974); *Proffitt v. Ciccone,* 506 F.2d 1020 (8th Cir. 1974); and *Frazier v. Ciccone,* 506 F.2d 1022 (8th Cir. 1974), is misplaced.