**Herbert O. JENSEN, Appellant,**

v.

**Winston SATRAN, Warden, North Dakota State Penitentiary; Edward J. Klecker, Director, Department of Institutions, Appellees.**

No. 82–1213.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1982.

Decided Sept. 20, 1982.

---

Herbert O. Jensen, Bismarck, N. D., for appellant.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck, N. D., for appellees.

Before BRIGHT, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.

HENLEY, Senior Circuit Judge.

Herbert O. Jensen, an inmate at the North Dakota State Penitentiary, appeals the district court's[1] January 29, 1982 summary dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The dispute centers on prison proceedings resulting in loss of "good time" and assessment of costs for reconditioning a bookshelf which Jensen seems to have painted white in violation of prison rules.

 This case comes before us for the second time. In *Jensen v. Satran*, 651 F.2d 605 (8th Cir. 1981), we reversed the district court's summary dismissal of Jensen's 2254 petition without having requested a response and without having held an evidentiary hearing, and remanded the case for further proceedings. On the record then available we contemplated the necessity of an evidentiary hearing; however, we pointed out that dismissal of a habeas corpus petition without a hearing may be appropriate where: (1) the allegations, even if true, fail to establish the petitioner's right to

release,[2] *Parton v. Wyrick*, 614 F.2d 154, 158 (8th Cir.), *cert. denied*, 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980); and (2) the facts are not in dispute or where the dispute can be resolved on the basis of the record. *Lindner v. Wyrick*, 644 F.2d 724, 729 (8th Cir.), *cert. denied*, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981); *Hampton v. Wyrick*, 588 F.2d 632, 633 (8th Cir. 1978) (per curiam), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed.2d 477 (1979).

Following the court's remand appellees (respondents) filed a motion to dismiss supported by brief, affidavits and other attachments. Jensen, who at the time was represented by counsel, responded to the motion and supporting documents and filed a supporting brief.

 After consideration of the respective motions and supporting materials, the district court granted the motion to dismiss, holding that no evidentiary hearing was required in that "victory by Jensen in this matter would have no effect upon his period of confinement, because no parole date has been established in his case." The affidavit of William C. Kelsch, chairman of the North Dakota Parole Board, undertook to establish, *inter alia*, that the only time an inmate's incarceration time is affected by the loss of good time is *after* he has been given a parole release date. In the event an inmate who has a release date loses good time, Mr. Kelsch stated that the release date will automatically be advanced the number of days of good time lost. Jensen appeared before the parole board in September of 1981, but was denied any consideration because the board determined that he had served an insufficient amount of time on his thirty year sentence.

The district court went on to conclude that no material facts were at issue, that the file and records conclusively showed as a matter of law that petitioner was entitled to no relief. Jensen subsequently brought this timely appeal.

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

2. We noted that even though restoration of Jensen's good time credits would not result in

his immediate release but would only shorten the length of his confinement, habeas corpus under section 2254 was nevertheless the appropriate remedy. *Jensen v. Satran*, 651 F.2d at 608 n.4 (citation omitted).

The factual background of this controversy has been fully outlined in this court's previous opinion and need not be repeated here. Once again the crucial question before this court is whether the district court's dismissal of Jensen's 2254 petition without a hearing was proper.

Although we have serious misgiving about the district court's conclusion that restoration of Jensen's good time credit would not shorten the length of incarceration, we nevertheless affirm the dismissal because we are persuaded that respondents have conclusively demonstrated that no material issue of fact remains and that the prison disciplinary procedures under attack were not constitutionally infirm.

On Jensen's previous appeal, this court found inadequate response to Jensen's claims that the prison board "(3) was biased because a prison officer who sat on the disciplinary board also participated in submitting Jensen's incident report; (4) refused to disclose posted prison rules concerning inmate maintenance of assigned cells; and (5) ignored Jensen's argument that 'he had not lived in the cell in question for eight days prior to leaving the area.'" *Jensen v. Satran*, 651 F.2d at 607. We observed also that the record contained no written decision of the board as required by *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

■ On remand the record was made to reflect that the prison disciplinary board did prepare a written decision as required by *Wolff v. McDonnell, supra.* That report, while sparse in content, is a part of the incident report and the entire document is used as a single tool to facilitate prison disciplinary proceedings. The state concedes the form needs improvement and points out that revisions are in process. Nonetheless the form was sufficient to inform Jensen of the evidence relied upon by the factfinders in reaching their decision to take disciplinary action.

■ In regard to Jensen's claim that the prison disciplinary board was biased because a prison officer who sat on the disciplinary board also participated in submitting Jensen's incident report, the state contends and the record reflects that the officer in question (officer Boelter) had nothing to do with the investigation, or with the writing of the incident report. He merely delivered a copy of the report to Jensen. Such a minimal involvement clearly was not such as to affect Boelter's objectivity as a member of the committee that heard the complaint.

As to posting of the rules, there is a rule against destroying, altering or damaging state property. There is no claim that Jensen was unaware of the rule and there is no showing that posting or lack of posting of the rule was prejudicial to Jensen in any way.

Finally, the record now reflects that the board did not ignore Jensen's defense that he had not lived in the cell in recent days. The cell had been "deadlocked," or unoccupied, since Jensen moved out. Thus, the board considered Jensen's defense but found it incredible.

From what has been said, it follows that the judgment of the district court should be, and it is, affirmed.