Tyrone PIERCE, Petitioner–Appellant,

v.

STATE of Iowa, Respondent–Appellee.

No. 87–1095.

Court of Appeals of Iowa.

Sept. 28, 1988.

Raymond Rogers, Acting Chief Appellate Defender, and James F. Whalen, Asst. Appellate Defender, for petitioner-appellant.

Thomas J. Miller, Atty. Gen., and John Parmeter, Asst. Atty. Gen., for respondent-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SCHLEGEL, JJ.

DONIELSON, Judge.

Tyrone Pierce, an inmate of the penitentiary at Fort Madison, applied for postconviction relief to challenge the imposition of prison discipline. The district court denied postconviction relief, and Pierce has appealed.

The disciplinary proceedings against Pierce arose out of an incident which allegedly occurred in the no-contact visiting area of the penitentiary. The petitioner was accused of masturbating during a visit with his wife. The prison disciplinary committee found Pierce guilty of violating two prison rules. His disposition included fifteen days disciplinary detention, loss of sixteen days good conduct time, and one year of administrative segregation.

■ Ordinarily a proceeding for postconviction relief is at law and our review is not de novo. *Hines v. State*, 288 N.W.2d 344, 345 (Iowa 1980). But where the petitioner asserts violations of constitutional safeguards, we make our own evaluation of the totality of the circumstances. *Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980). This is the equivalent of a de novo review. *Id.*

I. Defendant challenges the findings of July 7, 1987, denying him postconviction relief. The first claim is that the disciplinary committee's statement of evidence was inadequate. Defendant submits the statements relied upon were too terse to comply with due process requirements.

■ In a prison disciplinary proceeding resulting in the deprivation of a liberty interest, there must be a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935, 956 (1974). The balance between the prison's interest in avoiding excessive administrative burdens when using disciplinary proceedings to assure safety and promote rehabilitation, on the one side, and the interests of the individual inmate, on the other, is such that due process does not require "technical and detailed disciplinary reports." *Wilson v. State of Iowa*, 636 F.2d 1166, 1168 (8th Cir.1981). The re-quirement is satisfied if the written statement, even though sparse, is sufficient to inform the inmate of the evidence relied upon by the fact finders in reaching their decision. *Jensen v. Satran*, 688 F.2d 76, 78 (8th Cir.1982), *cert. denied*, 460 U.S. 1007, 103 S.Ct. 1244, 75 L.Ed.2d 475 (1983).

■ The written statement requirement creates only a minimal standard of procedural conduct needed to satisfy due process. A technical and detailed reconstruction of the incident by the disciplinary board is not required. *Brown v. Frey*, 807 F.2d 1407, 1413 (8th Cir.1986). The written statement at issue satisfies this requirement.

First, the statement must contain the evidence relied upon. Here the statement indicated their reliance on "written reports of c/o McKay and c/o Paente." And the reason for the action was "based on the serious nature of this type of conduct in the visiting room." The officers' reports qualify as evidence and their short length made it readily apparent which statements were relied upon. The reports were not contradictory nor ambiguous. *Id.* Petitioner would know upon reading the statement, what was decided and why. *Picard v. State*, 339 N.W.2d 368, 372 (Iowa 1983). Therefore, we find the statement of evidence relied upon adequate to satisfy due process.

■ II. Petitioner next contends that he was denied his right to present evidence before the disciplinary committee. Petitioner asked that his wife and grandson be called as witnesses. Neither one actually testified before the committee, but a written statement of petitioner's wife was considered.

The right to call witnesses in a disciplinary proceeding is "necessarily circumscribed by the penological need to provide swift discipline in individual cases." *Ponte v. Real*, 471 U.S. 491, 495, 105 S.Ct. 2192, 2195, 85 L.Ed.2d 553, 558 (1985), quoted in *Malek v. Camp*, 822 F.2d 812, 815 (8th Cir.1987). The request may be denied if it would be unduly hazardous to institutional safety or correctional goals or for irrele-

vancy or lack of necessity. *Fichtner v. Iowa State Penitentiary,* 285 N.W.2d 751, 759 (Iowa 1979). If the witness is from some place other than where the hearing is being held, then the officers may require that such witnesses' written statements be substituted for personal appearances. *Id.*

■ When a disciplinary committee decides not to hear a requested witness, it is useful for it to indicate the reason. Prison officials may not arbitrarily deny an inmate's request to present witnesses. *Ponte,* 471 U.S. at 495, 105 S.Ct. at 2195–97, 85 L.Ed.2d at 558.

■ We agree with the district court that under the circumstances of this case the committee did not violate petitioner's due process rights. The wife's statement was used in the proceeding. Testimony of the grandson would not have provided any additional evidence. The committee did not violate Pierce's due process rights when it determined the offered testimony was not reasonably necessary to resolve the conflict.

■ III. Finally, petitioner claims there was insufficient evidence to support the prison disciplinary committee's finding of guilt. The "requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Walpole v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2771–73, 86 L.Ed.2d 356, 361–63 (1985), quoted in *Wilson v. Farrier,* 372 N.W.2d 499, 501 (Iowa 1985).

There is evidence in the record that could support the conclusion that petitioner was guilty of violating prison rules. Two officers made independent observations and reports of the misconduct. Therefore, we hold there was sufficient evidence in the record to support the committee's decision. Accordingly, we affirm the decision of the district court.

AFFIRMED.