Dale HOLT, Appellant,

v.

Paul CASPARI; Major J.P. Smith, Appellees.

No. 90–1358.

United States Court of Appeals, Eighth Circuit.

Submitted July 31, 1990.

Decided Jan. 9, 1991.

Rehearing Granted, Opinion Vacated March 11, 1991.

Dale Holt, pro se.

Sara L. Trower and Bruce Farmer, Jefferson City, Mo., for appellees.

Before JOHN R. GIBSON, Circuit Judge; HEANEY, Senior Circuit Judge; and FAGG, Circuit Judge.

HEANEY, Senior Circuit Judge.

Dale Holt, a Missouri inmate, appeals from the district court's dismissal, prior to service of process, of his 42 U.S.C. § 1983 action alleging prison officials violated his due process rights in disciplinary proceedings. We reverse because we believe that Holt's complaint stated a claim sufficient to require an answer from the defendants.

## I.  BACKGROUND

The Conduct Violation Report, attached to Holt's complaint, indicates that Holt was found with several pieces of broken tablets

marked "Valium." The Report charged Holt with violation of "Rule # 24—Contraband; making, transferring, or having possession of any unauthorized article or substance." The Report, given to Holt as his notice of violation, stated the pills had been submitted for analysis and that after analysis, the pills, along with all pertinent documentation, would be available to the adjustment board that served as the disciplinary hearing committee.

The "Findings and Evidence Relied On," on the back of the Report states:

5–18–89 in presence of counsel substitute John Czajka, who requested the result of the lab test. Mr. Czajka was advised that the lab results were still pending. [Subject] was advised of his Miranda rights, and elected not to make a statement. Board finds that the contraband pills were clearly marked Valium, which is a controlled substance and would lead a reasonable person to believe they were Valium. The pills could pose a threat to the security of the institutions, as they could be consumed or trafficked throughout the institution. The board recommends that the CV be elevated to Rule # 3 dangerous contraband.

The Findings also state that Holt was found guilty "by virtue of the report that [subject] was in possession of what is considered dangerous contraband (Valium pills)." Rule 24 is a minor violation and Rule 3, a major violation. The sanctions for violating Rule 3 are substantially more severe and include extension of the conditional release date, loss of good time credit, transfer, and referral for criminal prosecution, which are not available for violation of Rule 24. Holt stated in his complaint that he was recommended for all of these sanctions. Complaint ¶ 15.

Holt brought his section 1983 action against Paul Caspari, superintendent of the prison, and J.P. Smith, chairman of the adjustment board, in their official and individual capacities. Holt claimed a deprivation of due process in that at the hearing Smith refused to advise him of the "documentary evidence, or substance thereof, which the adjustment board would use as evidence against him." Complaint ¶ 9.

Holt also claimed he asked for the result of the laboratory analysis of the pills, but Smith informed him the results had not yet been furnished to the prison. *Id.* ¶ 10. He claimed the refusal to provide him with the substance of the reports to be used against him deprived him of a fair and impartial hearing and the opportunity to controvert the allegations against him, and that the board did not have any laboratory results to confirm the pills were in fact Valium. *Id.* ¶¶ 11, 20. He also claimed the upgrading of the violation from Rule 24 to Rule 3 effectively denied him his right to notice of the charge in order to prepare his defense. *Id.* ¶¶ 14, 21.

Holt further claimed that Caspari's failure to train and supervise subordinates resulted in Smith's actions and that Caspari failed to take proper remedial action upon learning of Holt's allegedly improper disciplinary hearing. *Id.* ¶ 16. He also claimed Caspari and Smith acted "intentionally, wantonly, in bad faith, with punitive purposes in mind, and in total disregard for plaintiff's rights." *Id.* ¶ 19. He sought declaratory and injunctive relief, expunction of the conduct violation, compensatory damages of $100,000, and punitive damages. *Id.* Part X.

The magistrate concluded that Holt had received the process due under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), requiring advance notice of the violation, an opportunity to be heard, and a written statement of the evidence relied on. The magistrate found that the statements by the adjustment board in the Findings and Evidence were sufficient, that the finding of guilt was supported by some evidence, and that Holt's claim of not receiving documentary evidence was thus frivolous. The magistrate found the claim regarding the change in the rule violated was also frivolous. The district court accepted the magistrate's findings and dismissed the action under 28 U.S.C. § 1915(d).

On appeal, Holt argues that the refusal to provide him with documentary evidence the board would use, the refusal to disclose the substance of any existing documentary evidence, the lack of a laboratory report,

and the failure to give adequate notice by upgrading the violation during the deliberation violated his due process rights. Brief at 6. He also argues that the "some evidence" rule of *Superintendent v. Hill*, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), is distinct from his claim of failure to disclose the evidence and failure to give adequate notice.

## II. DISCUSSION

Under section 1915(d), a complaint may be dismissed as frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Pro se complaints must be liberally construed and dismissal is warranted only if the face of the complaint shows an insuperable bar to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Munz v. Parr*, 758 F.2d 1254, 1258 (8th Cir.1985). By these standards, Holt's claims should not have been dismissed as frivolous under section 1915(d).

Prisoners charged with a disciplinary violation have a right of reasonable access to information necessary to put on a defense. *Meis v. Gunter*, 906 F.2d 364, 367 (8th Cir.1990). The right is circumscribed by legitimate penological considerations. *Wolff*, 418 U.S. at 564–66, 94 S.Ct. at 2978–80 (officials have discretion to limit access to protect legitimate goals); *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981) (right of access to information to prepare a defense not unqualified), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982); *cf. Harrison v. Dahm*, 911 F.2d 37, 41 (8th Cir.1990) (no right to have drug test results included in written notice of charges).

A threshold issue is whether Holt has sufficiently alleged the existence of documentary evidence. Nowhere in his complaint does he specifically state that documentary evidence was actually available. A district court is not required to "pretend that certain facts exist in order to foresee a theory of recovery not actually raised or reasonably [implied] by the pleader." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir.1988). However, we believe Holt's allegations that he sought the documentary evidence the board would use against him, that Smith refused to advise him of it or its substance, and that the refusal kept him from adequately preparing a defense, may be read to imply the existence of exculpatory evidence. Moreover, in his objections to the magistrate's report, Holt stated his complaint alleged defendants deprived him of due process by "their failure to disclose and produce certain evidence defendants possessed." Construed in this manner, Holt's complaint does not lack an arguable basis in law and the factual allegations do not facially describe a "fantastic or delusional scenario." *See Neitzke*, 109 S.Ct. at 1833. Thus it was error to dismiss the complaint as frivolous.

We also believe a legal basis exists for Holt's claim that he was denied due process by the rule change. *Wolff* found procedures which included informing a prisoner orally of the charges, followed by further investigation "which may reshape the nature of the charges" at the time of the hearing, inadequate to provide the prisoner with prior notice of the "actual charges." *Wolff*, 418 U.S. at 564, 94 S.Ct. at 2979. Thus, notice of the "actual charges" must go beyond a recitation of the conduct and include a specification of which rule the conduct violates. *See Rinehart v. Brewer*, 483 F.Supp. 165, 169 (S.D.Iowa 1980) (notice must contain description of incident and citation to rule violated).

This court has held that *Wolff* does not require the notice to specify whether the infraction was "serious or minor." *Jensen v. Satran*, 651 F.2d 605, 607 (8th Cir.1981). In *Jensen*, however, the prisoner was found guilty of violating the same rule he was charged with, and unlike Holt, "did not argue that the charge was not clearly made known to him." *Id.*

As Holt was deprived of due process because of an inadequate notice and a refusal to allow him access to documentary evidence, the existence of "some evidence" and the board's notification to Holt of the evidence ultimately relied on, which would satisfy *Wolff*'s third requirement, corrected the deprivation. These facts affect the

remedy available to Holt, and Holt is not entitled to damages, expunction, and reinstatement of good time, but other forms of relief are still available. *Cf. Graham v. Baughman,* 772 F.2d 441, 446–47 (8th Cir. 1985) (no compensatory damages because due process violation did not actually cause deprivation, but remanded for nominal damages, costs, and attorney fees).

■ Assuming the complaint states a claim, the claim against Caspari may be interpreted as based on a theory of respondeat superior, which will not support a section 1983 action. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989). We read Holt's claims against Caspari, however, as based not merely on Caspari's role as a supervisor, but on Caspari's own inaction. *See Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988) (claim not based on theory of respondeat superior and supervisor liable for failing to correct violation in disciplinary proceeding). Caspari will thus be liable if any failure to take action amounted to deliberate indifference or a tacit authorization of a violative process. *See Fruit v. Norris,* 905 F.2d 1147, 1151 (8th Cir.1990).

## III. CONCLUSION

We reverse the district court's order dismissing Holt's complaint and remand this case to the district court for further proceedings consistent with this opinion.

JOHN R. GIBSON, Circuit Judge, dissenting.

While appellant Holt alleges that he was disciplined only after his request for documentary evidence and laboratory reports was denied, I believe that the complaint filed demonstrates that he was provided such information. The conduct violation report is attached to the complaint. The essence of the charge is that when Holt's right hand was forced open, several broken pieces of blue tablets marked with the word "Valium" were recovered. Because the institutional physician never issues Valium to any residents, Holt was in possession of contraband. The adjustment board found that the contraband pills were clearly marked Valium, a controlled substance,

which would lead a reasonable person to believe they were Valium. A reasonable person would further believe that the pills posed a threat to the security of the institution because they could be consumed or trafficked throughout the institution. The findings further referred to the classification committee for possible classification action upon receipt of the lab results. It is apparent that the discipline was administered based on these documents, which were provided to Holt. The attachment of this documentary evidence directly contradicts Holt's allegation. The magistrate relied on these documents in finding that Holt's allegations were frivolous.

The court today recognizes that the complaint does not specifically state that documentary evidence was actually available. It reasoned that the allegations that Holt's request for documentary evidence was refused and that such refusal kept him from adequately preparing a defense "may be read to imply the existence of exculpatory evidence." At 105. Under the state of the record before us, I believe that the court, contrary to its protestation, adopts a "fantastic or delusional scenario." *Neitzke,* 109 S.Ct. at 1833, and that it errs in so doing.

We called for a response from the state after this case was appealed to this court. The response demonstrates that after the adjustment board action, the assistant superintendent made further recommendations on the basis of the findings of guilt of the board, and that referral to the classification committee need not depend upon lab results. The only specific allegation in Holt's complaint has to do with failure to furnish the lab results.

Further materials provided by the state reveal that after laboratory results confirmed that the tablets were in fact Valium, the case was referred to prosecuting authorities (State's App. at 11–12). Holt then entered a guilty plea to a charge of possession of a controlled substance in a correctional institution, a class C felony, and was sentenced to two years imprisonment. The incident of April 20 gave rise to both the disciplinary charge and the criminal charge.

I have no hesitation in concluding that Holt's complaint with the attached materials contained some evidence to support the

decision of the prison disciplinary board, thus satisfying the due process requirements of *Superintendent v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).

The court today closes its eyes to the reality of the record in remanding this case to the district court.

### ORDER

March 11, 1991.

Appellees' petition for rehearing by the panel is granted. The suggestion for rehearing en banc is denied.

Mr. H. Kent Munson is hereby appointed to represent the appellant under the inherent power of the court. A supplemental briefing schedule is established as follows:

Supplemental Brief for appellant due April 10, 1991.

Supplemental Brief for appellees due May 1, 1991.

Reply Brief, if necessary, due May 8, 1991.