**Thomas LOCHER, # 144650, Plaintiff,**

v.

**Blaise PLAGEMAN, et al., Defendants.**

**Civ.A. No. 90–0573–R.**

United States District Court,
W.D. Virginia,
Roanoke Division.

June 19, 1991.

---

Thomas Locher, pro se.

William R. Coleman, Asst. Atty. Gen., Public Safety & Economic Development Div., Richmond, Va., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Thomas Locher, an inmate at Patrick Henry Correctional Unit # 28 (Unit # 28), has filed a complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested pursuant to 28 U.S.C. § 1343. Plaintiff complains of conditions and treatment at Unit # 28, specifically that:

(1) the law library at Unit # 28 is inadequate; and,

(2) the Adjustment Committee denied him due process and equal protection during plaintiff's hearing on a charge of possessing contraband (sugar); and,

(3) the Adjustment Committee denied him due process and equal protection during plaintiff's hearing on a charge of possessing a sharpened instrument; and,

(4) the Adjustment Committee denied him due process and equal protection during plaintiff's hearing on a charge of possessing contraband (magazine).

By way of relief, plaintiff seeks compensatory and punitive damages and injunctive

relief. He seeks to have the infractions removed from his records and to have his parole evaluation and his goodtime allowance evaluation reheard.

Defendants, through counsel, filed a motion for summary judgment. Pursuant to the standard established by the Fourth Circuit Court of Appeals, this court notified the plaintiff of defendants' motion. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff was given an opportunity to respond to defendants' motion. Plaintiff was also warned that failure to so respond might, if appropriate, result in judgment being granted for the defendants. Plaintiff has responded. The action is, therefore, ripe for this court's consideration.

In an Order dated November 27, 1990, the court granted the plaintiff's motion to withdraw claim # 1. Plaintiff's remaining claims challenge the validity of three separate Adjustment Committee hearings, in which plaintiff was found guilty of institutional charges.

■ Plaintiff's second claim alleges that he was denied due process and equal protection when the Adjustment Committee found plaintiff guilty of possessing contraband (sugar). Plaintiff was penalized with fifteen (15) days cell restriction.[1] Plaintiff's first challenge to this conviction alleges that his due process rights were violated when the contraband and the container in which the contraband was allegedly found were not produced at plaintiff's hearing. The defendants have submitted a sworn affidavit in which they state that Officer J.M. Brown and Sergeant Plaster were in the process of shaking down several inmates when Officer Brown opened a cardboard box at the end of plaintiff's bed. The defendants assert that the box contained several items, one of which was a Pringle's potato chip can filled two-thirds (⅔) with sugar and a sandwich bag halffilled with sugar. Officer Brown noted in

his report that the cardboard box had plaintiff's name and number on it.

It is true that, in some instances, an inmate may have a right to demand production of potentially dispositive evidence that prison authorities confiscated and held. *Young v. Lynch*, 846 F.2d 960 (4th Cir. 1988).[2] However, the court is of the opinion that this is not such an instance. No laboratory analysis was required to determine if the substance was sugar; production of the sugar would not have benefited the plaintiff in any way. While the plaintiff has denied the existence of the sugar and the container in which it was allegedly found, the existence or non-existence of the sugar and the container turned on the credibility of the witnesses at the hearing. In this case, the Adjustment Committee found the reporting officers to be more credible witnesses than the plaintiff. Therefore, the court concludes that plaintiff's claim is without merit. *See also Zaczek v. Hutto*, 642 F.2d 74, 76–77 (4th Cir.1981).

■ Plaintiff claims that his constitutional rights were violated when the Adjustment Committee failed to provide him with a copy of statements made by a prosecution witness. The Supreme Court requires certain procedural safeguards when Internal Adjustment Committee hearings are held. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The due process rights which were mandated are:

(1) advance written notice of the charges must be given to the inmate;

(2) a right to call witnesses;

(3) a written statement by the fact finders as to the evidence relied upon and the reasons for their actions.

*Id.*

Inasmuch as *Wolff v. McDonnell* does not require a prisoner to be furnished with copies of statements made by prosecution

---

1. Inasmuch as a successful challenge to this conviction would not affect the length or duration of plaintiff's incarceration, *see Todd v. Baskerville,* 712 F.2d 70, 73 (4th Cir.1983), the court will proceed to examine this claim on its merits.

2. The court in *Young* noted, however, that "neither the district court's opinion nor ours can be read to require the production of real evidence in every disciplinary hearing." *Id.* at 964.

witnesses, the court is of the opinion that plaintiff's allegation is without merit.

Plaintiff alleges that he was not given an impartial tribunal. He claims that he was convicted despite contradictory testimony by the prosecution's witnesses. Once again, the credibility of the witnesses was for the Adjustment Committee to determine. Plaintiff has not alleged that the composition of the Adjustment Committee violated any of the procedural safeguards mandated by *Wolff v. McDonnell.* Therefore, the court finds the plaintiff's allegations in this respect to be broad and conclusory, and thus do not state a viable claim under § 1983. *Lovern v. Cox,* 374 F.Supp. 32, 34–35 (W.D.Va.1974).

■ Finally, plaintiff alleges that there was insufficient evidence to convict plaintiff on the charge. A decision by a disciplinary board satisfies due process protections if there is some evidence in the record to support the board's decision. *Superintendent, Massachusetts Correctional Inst. v. Hill,* 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Furthermore, federal courts will not review the accuracy of a disciplinary committee's findings of fact. *Kelly v. Cooper,* 502 F.Supp. 1371, 1376 (E.D.Va.1980). Such findings will be disturbed only if the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion. *Smith v. Rubulais,* 659 F.2d 539, 545 (5th Cir.1981). Having reviewed the record, the court accepts the Adjustment Committee's findings of fact, and finds no evidence that the Adjustment Committee's findings of fact were arbitrary and capricious or an abuse of discretion. Thus, the court concludes that the Adjustment Committee's decision should not be disturbed. *Kelly v. Cooper, supra; Smith v. Rubulais, supra.* Therefore, the court concludes that the defendants' motion for summary judgment must be granted as to claim # 2.

■ Plaintiff's third and fourth claims challenge plaintiff's conviction by the Adjustment Committee on charges of possessing a sharpened instrument and for possession of contraband (magazine). As punishment, plaintiff received fifteen (15) days

isolation and loss of thirty (30) days good-time for possession of an unauthorized magazine and loss of thirty (30) days good conduct allowance for possession of a sharpened instrument.

■ Although Locher is "flying the banner of 42 U.S.C. § 1983," a district court is not constrained by a petitioner's style of pleading or request for relief. *Hamlin v. Warren,* 664 F.2d 29, 30 (4th Cir.1981), *cert. denied,* 455 U.S. 911, 102 S.Ct. 1261, 71 L.Ed.2d 451 (1982); *see Pressly v. Gregory,* 831 F.2d 514 (4th Cir.1987). To determine whether an action is properly considered a § 1983 complaint or a habeas petition (requiring exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)), a court must consider whether the "core" of a petitioner's claim concerns the length or duration of his sentence and whether a claim of damages is purely ancillary to and dependent on a favorable resolution of the length or duration of his sentence. *Todd v. Baskerville,* 712 F.2d 70, 73 (4th Cir.1983); *see Alexander v. Johnson,* 742 F.2d 117, 126 (4th Cir.1984). If it is, then the proceeding is in habeas. *Id.*

The "core" of plaintiff's claims # 3 and # 4, although he seeks monetary damages as well as injunctive relief, concerns the duration of his sentence. The resolution of plaintiff's action would necessarily decide the length of his confinement, and a successful petition would result in a decreased prison duration. *Todd v. Baskerville, supra.* Accordingly, plaintiff's exclusive initial cause of action is in habeas.

However, the petition is not to be dismissed solely because the plaintiff has mislabeled his pleading in reference to the nature of the proceedings. *Gordon v. Leeke,* 574 F.2d 1147 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). The court should construe the petition liberally and address the claim provided the claim meets the threshold requirements. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). If the petition is treated as an application for a writ of habeas corpus, the court notes that the threshold requirement of exhaustion of remedies has not been met. Absent

a valid excuse, the prisoner must first present his claim to the state courts. *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). If the remedies have not been exhausted, the case must be dismissed. *Slayton v. Smith,* 404 U.S. 53, 92 S.Ct. 174, 30 L.Ed.2d 209 (1971).

For plaintiff/petitioner to exhaust his state remedies, two alternatives are available. First, he may file a petition for a writ of habeas corpus in the Circuit Court wherein the plaintiff is incarcerated. The petition should contain all potential grounds of error as well as all the facts set forth in the instant case. If plaintiff/petitioner is dissatisfied with the decision rendered by the Circuit Court, he may appeal to the Virginia Supreme Court in the exercise of its appellate jurisdiction. Second, he may file a petition for a writ of habeas corpus directly in the Supreme Court of Virginia in the exercise of its original jurisdiction.

Although dismissal of plaintiff's claims # 3 and # 4 should not create any statute of limitations problems, plaintiff is reminded that Virginia's two year statute of limitations governing personal injury claims applies to § 1983 claims. *See* Va.Code Ann. § 8.01–243(A); *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

For the reasons stated above, the court is of the opinion that defendants' motion for summary judgment as to plaintiff's claim # 2 must be granted. The court also concludes that plaintiff's claims # 3 and # 4 must be dismissed for want of exhaustion of state remedies.