**Dale HOLT, Appellant,**

v.

**Paul CASPARI; Major J.P. Smith, Appellees.**

**No. 90–1358.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1991.

Decided April 17, 1992.

Howard Kent Munson, St. Louis, Mo., argued, for appellant.

Sara L. Trower, Bruce Farmer, on brief, Jefferson City, Mo., argued, for appellees.

Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

Dale Holt, a Missouri inmate, appeals from the district court's [1] dismissal, prior to service of process, of his 42 U.S.C. § 1983 (1988) action alleging prison officials violated his due process rights in disciplinary proceedings. We issued an opinion on January 9, 1991, finding that Holt's complaint stated a claim and reversed dismissal. 923 F.2d 103 (8th Cir.1991). We granted a motion for rehearing and the panel heard argument. We now affirm the dismissal.

The Conduct Violation Report, attached to Holt's complaint, indicates that corrections officers found Holt holding several pieces of broken tablets marked "Valium." The Report charged Holt with violation of "Rule # 24—Contraband; making, transferring, or having possession of any unauthorized article or substance." The Report, given to Holt as his notice of violation, stated the pills had been submitted for analysis and that after analysis, the pills, along with all pertinent documentation, would be available to the adjustment board that served as the disciplinary hearing committee.

The Adjustment Board's "Findings and Evidence Relied On," also attached to the complaint, states:

5–18–89 in presence of counsel substitute John Czajka, who requested the result of the lab test. Mr. Czajka was advised that the lab results were still pend-ing.... Board finds that the contraband pills were clearly marked Valium, which is a controlled substance and would lead a reasonable person to believe they were Valium. The pills could pose a threat to the security of the institution, as they could be consumed or trafficked throughout the institution. The board recommends that the CV be elevated to Rule # 3 dangerous contraband.

The Findings also state that Holt was found guilty "by virtue of the report that [subject] was in possession of what is considered dangerous contraband (Valium pills)." Rule 24 is a minor violation, and Rule 3 is a major violation. The sanctions for a major violation are substantially more severe and include extension of the conditional release date, transfer, and referral for criminal prosecution, which are not available for violation of Rule 24. Holt stated in his complaint that he was recommended for all of these sanctions.

Holt brought his section 1983 action against Paul Caspari, superintendent of the prison, and J.P. Smith, chairman of the Adjustment Board, in their official and individual capacities. Holt claimed a deprivation of due process because at the hearing Smith refused to advise him of the "documentary evidence, or the substance thereof, which the adjustment board would use as evidence against him." Holt also claimed he asked for the result of the laboratory analysis of the pills, but Smith informed him the results had not yet been furnished to the prison. He claimed the refusal to provide him with the substance of the reports to be used against him deprived him of a fair and impartial hearing and the opportunity to controvert the allegations against him, and that the board did not have any laboratory results to confirm the pills were in fact Valium. He also claimed the upgrading of the violation from Rule 24 to Rule 3 effectively denied him his right to notice of the charge in order to prepare his defense.

1. The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri.

Holt further claimed that Caspari's failure to train and supervise subordinates resulted in Smith's actions and that Caspari failed to take proper remedial action upon learning of Holt's allegedly improper disciplinary hearing. He also claimed Caspari and Smith acted "intentionally, wantonly, in bad faith, with punitive purposes in mind, and in total disregard for plaintiffs' [sic] rights." He sought declaratory and injunctive relief, expunction of the conduct violation, compensatory damages of $100,-000, and punitive damages.

The magistrate judge[2] concluded that Holt had received the process due under *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), requiring advance notice of the violation, an opportunity to be heard, and a written statement of the evidence relied on and the reasons for the disciplinary action. The magistrate judge found that the statements by the Adjustment Board in the Findings and Evidence were sufficient, that the finding of guilt was supported by some evidence, and that Holt's claim of not receiving documentary evidence was frivolous. The magistrate judge also found the claim regarding the change in the rule violated was frivolous, since Holt received notice that he would have to defend against a possession of contraband charge. The district court accepted the magistrate's findings and dismissed the action under 28 U.S.C. § 1915(d) (1988). Order of Jan. 25, 1990.

On appeal, Holt renews his claims that the refusal to provide him with documentary evidence the board would use, the refusal to disclose the substance of any existing documentary evidence, the lack of a laboratory report, and the failure to give him adequate notice of the charge by upgrading the violation during the deliberation violated his due process rights.

■ Under section 1915(d), a complaint may be dismissed as frivolous if it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324–27, 109 S.Ct. 1827, 1831–33, 104 L.Ed.2d 338

(1989). Pro se complaints must be liberally construed and can be dismissed only if the face of the complaint shows an insuperable bar to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Munz v. Parr*, 758 F.2d 1254, 1258 (8th Cir.1985).

■ Holt attached to his pro se pleading copies of the various disciplinary reports and notations made by the Adjustment Board concerning the reports. The minutes of the Adjustment Board action are excerpted above in this opinion. It is evident from the face of Holt's complaint and the attachments that the board found that the contraband pills were clearly marked Valium, which is contraband and a threat to the security of the institution because of the danger of consumption and trafficking. The Adjustment Board found Holt guilty by virtue of the report that he possessed dangerous contraband, and the report recited that Valium was not issued to residents in the institution under any circumstances. While Holt complains that he was not furnished the laboratory report, the board's minutes showed that the board did not have any such report, either. The board did not need any such report because, as it stated, "[t]he contraband pills were clearly marked Valium, which ... would lead a reasonable person to believe they were Valium." The failure to produce a laboratory report is thus irrelevant, since there was no such report in existence, such report had no bearing on the correctional authorities' decision, and the mere appearance of the pills revealed them to be contraband. *Cf. Locher v. Plageman*, 765 F.Supp. 1260, 1262 (W.D.Va.1991) (Prison authorities not required to produce contraband sugar at hearing; "[n]o laboratory analysis was required to determine if the substance was sugar.") The Adjustment Board's decision was supported by "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).

■ Before issuing our opinion in this case, we called for a written response from

2. The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri.

the State, and it provided us with documents indicating that Holt pleaded guilty to criminal charges of possession of a controlled substance in a correctional institution, as a result of the same incident that led to the prison disciplinary proceedings at issue here. This guilty plea moots the issues asserted with respect to the propriety of the disciplinary action.

Holt's other argument is that he was denied due process by the committee's action in elevating the charge from possession of contraband under Rule 24 to dangerous contraband under Rule 3. This court has held in *Jensen v. Satran*, 651 F.2d 605, 607 (8th Cir.1981) (per curiam), that *Wolff v. McDonnell* does not require the infraction notice to specify whether the offense charged was serious or minor. Here, the charge was possession of the Valium, and while the change from a Rule 24 charge to a Rule 3 charge raised the potential penalties, the factual basis for both was possession of the same Valium at the same time. It is evident that the conduct violation report gave Holt all of the information he needed to make his defense.

That the Adjustment Board considered the contraband to be sufficiently dangerous to warrant an increased penalty may have been to Holt's detriment, but did not change the factual charge that had been made against him, namely possession of Valium. Any defense he would assert would not differ because of the increase in the penalty. The facts are set forth plainly and clearly, and a constitutional violation has not been charged.

We affirm the judgment of the district court.

HEANEY, Senior Circuit Judge, dissenting.

I agree that the pro se complaint must be liberally construed and dismissal is warranted only if the face of the complaint shows an insuperable bar to relief. In my view, Holt's complaint should not have been dismissed under this standard. Thus, I respectfully dissent.

Prisoners charged with a disciplinary violation have a right of reasonable access to information necessary to put on a defense. *Meis v. Gunter*, 906 F.2d 364, 367 (8th Cir.1990). The right is circumscribed by legitimate penological considerations. *Wolff*, 418 U.S. at 564–66, 94 S.Ct. at 2978–80 (officials have discretion to limit access to protect legitimate goals); *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir.1981) (right of access to information to prepare a defense not unqualified), *cert. denied*, 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982); *cf. Harrison v. Dahm*, 911 F.2d 37, 41 (8th Cir.1990) (no right to have drug test results included in written notice of charges).

A threshold issue is whether Holt has sufficiently alleged the existence of documentary evidence. Nowhere in his complaint does he specifically state that documentary evidence was actually available. A district court is not required to "pretend that certain facts exist in order to foresee a theory of recovery not actually raised or reasonably [implied] by the pleader." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir.1988). However, I believe Holt's allegations that he sought the documentary evidence the board would use against him, that Smith refused to advise him of it or its substance, and that the refusal kept him from adequately preparing a defense, may be read to imply the existence of exculpatory evidence. Moreover, in his objections to the magistrate's report, Holt stated his complaint alleged defendants deprived him of due process by "their failure to disclose and produce certain evidence defendants possessed." Construed in this manner, Holt's complaint does not lack an arguable basis in law and the factual allegations do not facially describe a "fantastic or delusional scenario." *See Neitzke*, 490 U.S. at 328, 109 S.Ct. at 1833. Thus it was error to dismiss the complaint as frivolous.

In my view, a legal basis exists for Holt's claim that he was denied due process by the rule change. *Wolff* found procedures which included informing a prisoner orally of the charges, followed by further investigation "which may reshape the nature of the charges" at the time of the hearing, inadequate to provide the prisoner

with prior notice of the "actual charges." *Wolff,* 418 U.S. at 564, 94 S.Ct. at 2979. Thus, notice of the "actual charges" must go beyond a recitation of the conduct and include a specification of which rule the conduct violates. *See Rinehart v. Brewer,* 483 F.Supp. 165, 169 (S.D. Iowa 1980) (notice must contain description of incident and citation to rule violated).

This court has held that *Wolff* does not require the notice to specify whether the infraction was "serious or minor." *Jensen v. Satran,* 651 F.2d 605, 607 (8th Cir.1981). In *Jensen,* however, the prisoner was found guilty of violating the same rule he was charged with, and unlike Holt, "did not argue that the charge was not clearly made known to him." *Id.*

Holt's claim against Caspari may be interpreted as based on a theory of respondeat superior, which will not support a section 1983 action. *See City of Canton, Ohio v. Harris,* 489 U.S. 378, 381, 385, 109 S.Ct. 1197, 1200, 1202, 103 L.Ed.2d 412 (1989). I read Holt's claims against Caspari, however, as based not merely on Caspari's role as a supervisor, but on Caspari's own inaction. *See Lewis v. Smith,* 855 F.2d 736, 738 (11th Cir.1988) (claim not based on theory of respondeat superior and supervisor liable for failing to correct violation in disciplinary proceeding). Caspari could thus be liable if any failure to take action amounted to deliberate indifference or a tacit authorization of a violative process. *See Fruit v. Norris,* 905 F.2d 1147, 1151 (8th Cir.1990).

I emphasize the posture in which Holt's claims come before us: Holt's in forma pauperis complaint was dismissed as frivolous prior to service of process. Under section 1915(d), such dismissals are proper only if the claims involve indisputably meritless legal theories or clearly baseless factual contentions. *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832. My discussion of Holt's claims seeks only to demonstrate that they withstand scrutiny for frivolousness under *Neitzke* and therefore require an answer from the defendants. I express no opinion on the merits of his claims.

I do not believe that Holt's guilty plea to criminal charges arising out of the same incident can negate his right to procedural due process in connection with the prison disciplinary proceeding. The guilty plea means only that Holt cannot demonstrate actual injury flowing from any due process denial that occurred. In another prisoner's 1983 complaint before the Supreme Court in a similar posture, the Court stated:

[E]ven if the subsequent hearing accorded petitioner minimized or eliminated any compensable harm resulting from the initial denial of procedural safeguards, his constitutional claim is nonetheless actionable.... "Because the right to procedural due process is 'absolute' in the sense that it does not depend upon the merits of a claimant's substantive assertions, and because of the importance to organized society that procedural due process be observed ... the denial of procedural due process should be actionable for nominal damages without proof of actual injury."

*Hughes v. Rowe,* 449 U.S. 5, 13 n. 12, 101 S.Ct. 173, 178 n. 12, 66 L.Ed.2d 163 (1980) (quoting *Carey v. Piphus,* 435 U.S. 247, 266–67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978) (footnote and citations omitted)); *see also Graham v. Baughman,* 772 F.2d 441, 447 (8th Cir.1985).

I would reverse the district court's order dismissing Holt's complaint and remand this case to the district court for further proceedings consistent with this dissent.