12 F.3d 1102
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Carl HINES, Appellant,
v.
Bill ARMONTROUT; Donald Cline; Gerald Bommell; Robert
Acree; Cecil Pettus; Richard Childs; James
Eberle; Arthur W. Dearixon; Pat Mantle;
David Dobson; John Douglas;
Michael Cupp, Appellees.
 No. 93-1926.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 7, 1993.
Filed: December 8, 1993.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this 42 U.S.C. Sec. 1983 action, Carl Hines, an inmate in the Jefferson City Correctional Center, appeals from the district court's[1] entry of summary judgment against him. We affirm.
 
 
 2
 The complaint alleged that correction officer Michael Cupp issued Hines a conduct violation for possessing dangerous contraband after Cupp found a street knife and two syringes in the light fixture in Hines's cell. The prison classification team found Hines guilty of the violation. The complaint further alleged the classification team failed to inquire whether a search of Hines's cell had been conducted before he moved into it as required by prison policy and prison officials knew of the prison pre-assignment search policy, but they failed to follow it. Hines also alleged that prison officials ignored his request to produce the contraband at the disciplinary hearing and manipulated the administration of a pre-hearing psychological stress examination (PSE) so that he would fail it.
 
 
 3
 Defendants moved for summary judgment, contending that Hines failed to state a claim because his allegations as to certain defendants were based on the doctrine of respondeat superior. Defendants also argued that because some evidence supported the guilty finding and because no pre-assignment search policy existed at the time of Hines's violation, they did not violate his due process rights. Defendants attached to their motion a copy of the search policy, Cupp's conduct violation report, and the classification team's written determination. Furthermore, defendants argued that because they did not violate a clearly established constitutional right, qualified immunity shielded them from suit.
 
 
 4
 In response, Hines argued that insufficient evidence existed as to his guilt because defendants never produced the contraband items at the disciplinary hearing and because PSE results alone were insufficient to support a guilty finding. He also argued that prison officials should have searched his cell prior to his arrival. Furthermore, Hines contended that prison officials failed to investigate allegations raised in an affidavit he submitted to the warden after the disciplinary hearing. Hines attached the affidavit to his summary judgment response; in the affidavit, the inmate who previously lived in Hines's cell averred that the contraband existed in the cell prior to Hines's arrival.
 
 
 5
 The magistrate judge recommended granting summary judgment to defendants. Specifically, the magistrate judge found that under Wolff v. McDonnell, 418 U.S. 539 (1974), defendants offered minimal due process to Hines and that a "basis in fact" existed for the classification team's findings. The magistrate judge also found that Hines failed to demonstrate any individual involvement by certain defendants either in the incidents giving rise to the lawsuit or in a constitutional violation based on institutional policies. The magistrate judge noted that Hines did not show any constitutional violation in the administration of the PSE, that Hines had an opportunity to tell his side of the story even though certain defendants failed to believe his explanation, and that the federal court did not have the power to make a new factual determination.
 
 
 6
 After considering Hines's objections and conducting de novo review, the district court adopted the magistrate judge's report and entered judgment in favor of defendants.
 
 
 7
 On appeal, Hines asserts the district court erred in granting summary judgment to defendants because there is no evidence of his guilt and because defendants failed to produce the contraband and failed to investigate properly the allegations in the affidavit he submitted after the disciplinary hearing. He also contends that defendants manufactured the results of the PSE and that the sole basis for the classification team's decision was his failed PSE results.
 
 
 8
 We review de novo the district court's grant of summary judgment. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). In prison discipline cases, "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board." Superintendent v. Hill, 472 U.S. 445, 455 (1985). We agree with the district court's conclusion that some evidence existed for the classification team's finding because the classification team had before it Cupp's statement that he found the contraband in Hines's cell. The classification team's report states that it found Hines guilty "based on officer's observation that inmate had knife." From this, it is clear that the classification team did not credit Hines's explanation as to why the contraband was in the cell. When reviewing a prison disciplinary committee's determination, this court should not make independent credibility assessments or reweigh the evidence. Hill, 472 U.S. at 456.
 
 
 9
 Other than his conclusory allegations, Hines offers nothing to demonstrate that defendants manufactured the PSE results. Furthermore, the classification team properly found Hines guilty based on the report that he possessed contraband; production of the evidence at the hearing was not required. See Holt v. Caspari, 961 F.2d 1370, 1372, cert. denied, 113 S. Ct. 190 (1992). Hines also failed to demonstrate that defendants violated any of his constitutional rights by not investigating the allegations in the affidavit supplied after the disciplinary hearing.
 
 
 10
 In addition, the district court correctly granted summary judgment to certain defendants on the basis of respondeat superior and qualified immunity and properly denied Hines's motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendations of the Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri