29 F.3d 628
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Robert 5X WHITE, Appellant,
v.
Roger ENDELL, ARKANSAS DEPARTMENT OF CORRECTION, Appellee.
 No. 93-3435.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 12, 1994.
Filed: July 15, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Robert 5x White appeals the district court's[1] 28 U.S.C. Sec. 1915(d) dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 In July 1993, White filed this complaint against Roger Endell, director of the Arkansas Department of Correction. White alleged that Endell denied White's final appeal of a disciplinary he received on November 6, 1992, for failing to report to work or to present a "lay-in" excusing him from his duties. White also states that Endell advised him that he had "no further appeal rights with [the] Arkansas Department of Correction." Over White's objections, the district court dismissed his complaint, pursuant to section 1915(d). White timely appealed, arguing that his disciplinary for failure to report to work was unconstitutional because his work assignment forced him to work beyond his physical capacity.
 
 
 3
 Section 1915(d) authorizes a district court to dismiss a complaint as frivolous if it lacks an arguable basis either in fact or law. Neitzke v. Williams, 490 U.S. 319, 324-27 (1989). Pro se complaints should be liberally construed and dismissed only if the complaint, on its face, shows the plaintiff cannot be entitled to any relief. Holt v. Caspari, 961 F.2d 1370, 1372 (8th Cir.), cert. denied, 113 S. Ct. 190 (1992). We review a section 1915(d) dismissal for an abuse of discretion. Ross v. Social Sec. Admin., 949 F.2d 1021, 1021-22 (8th Cir. 1991). The district court abuses its discretion if the complainant could have proved any set of facts warranting relief. Id. at 1022.
 
 
 4
 Prison disciplinaries must be affirmed if there is "some evidence" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir.), cert. denied, 114 S. Ct. 564 (1993). White's complaint itself demonstrates that some evidence supports the decision to discipline White. In inter-department communications from Endell to White, attached to White's complaint, Endell stated that White received his disciplinary due to his failure to report for work or to have a proper "lay-in" excusing him from his duties; White does not dispute that he failed to report to work or provide a proper excuse. In addition, White does not allege that his due process rights were violated. We find, therefore, that the district court did not abuse its discretion in dismissing White's complaint pursuant to section 1915(d). See Holt, 961 F.2d at 1372 (upholding section 1915(d) dismissal after finding "some evidence" on complaint's face supporting disciplinary decision).
 
 
 5
 To the extent White seeks to excuse his failure to report to work for medical reasons, we find that prison officials did not require White to work in excess of his capacity in violation of the Eighth Amendment, as his job assignment was consistent with his medical classification and additional restrictions.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas