Billy J. GROVES, Petitioner–Appellant,

v.

John R. VanNATTA, Respondent–Appellee.

No. 01–1074.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2001.*

Decided Oct. 9, 2001.

Before POSNER, MANION, and ROVNER, Circuit Judges.

ORDER

Indiana prisoner Billy J. Groves filed a pro se petition under 28 U.S.C. § 2254 claiming that prison officials violated his due process rights by failing to give him proper notice of a disciplinary charge.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

The district court dismissed the petition, and we affirm.

Groves is an inmate at the Miami Correctional Facility in Bunker Hill, Indiana. On November 30, 1999, Groves and one of the prison guards, Officer Henke, had a conversation that Henke apparently interpreted as an attempt by Groves to improperly obtain cigarettes. Later that day Officer Henke wrote a conduct report accusing Groves of "attempting to engage in trafficking":

> While I ... was assigned to E–Housing Unit ... Billy Groves DOC # 960070 asked if I "brought in any camels for him?" I responded "No, I don't traffic for offenders." Offender Groves, DOC # 960070, kept asking me "Do you smoke?" "What kind do you smoke?" Where I responded "I can't afford them," Offender Groves stated "We could afford them together." Offender Groves repeatedly asked me "What did you bring for lunch?" & "What are we going to eat?" Offender Groves then asked me to trade rings with him, stating that if I gave him my wedding ring, he would give me the ring he was wearing.

That same day prison officials gave Groves a copy of the report and a notice that a disciplinary hearing would be held on December 10. At the hearing before the Conduct Adjustment Board ("CAB"), Groves did not deny making the statements reported by Officer Henke but asserted that he and Henke were simply "joking and talking" about the high cost of cigarettes. In support of this assertion he offered a witness statement from Officer Henke, who wrote that in hindsight he believed Groves was just "joking/harassing me" and that a trafficking charge was too severe. Officer Henke suggested in his statement that the charge be downgraded to "horseplay" or dismissed. Groves also provided corroborating statements from three inmates who overheard Officer Henke tell Groves that he knew Groves had been joking. According to these inmates, Officer Henke told Groves that Henke's supervisor had instructed him to write the report because someone overhearing their conversation could have taken it seriously.

The CAB nonetheless found Groves guilty and revoked one year of good-time credits. Groves appealed to prison superintendent John VanNatta, arguing that the evidence did not support the CAB's decision. Groves went on to note that "[t]he incident described in the conduct report by Off. Henke fits a class B233 Offering a Bribe or anything of value to a staff member," but nonetheless denied that he had offered Officer Henke a bribe.

VanNatta denied the appeal and stated, "It is very obvious why you want to turn this thing into a joke now. You made a classic approach to sound out an employee and got turned down flat." VanNatta determined that the evidence supported the trafficking charge but agreed with Groves that a bribery charge was "a better fit." He accordingly reduced the sanction to six months of good-time credit. Groves unsuccessfully appealed VanNatta's decision to the Indiana Department of Corrections final reviewing authority.

Groves then filed this petition. He claimed that he was "denied the opportunity to present a proper and adequate defense" to the bribery charge because VanNatta modified the charge on appeal without issuing a new notice. The district court dismissed the petition because it did not raise a constitutional issue. Groves then submitted a timely notice of appeal to prison authorities for forwarding. *See* Fed.R.App.P. 4(c)(I); *Houston v. Lack*, 487 U.S. 266, 272 (1988).

Indiana prison inmates have a protected liberty interest in earned good-

time credits. *McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999). When credits are at stake the inmate must receive advance written notice of the charges; an opportunity, when consistent with correctional goals and institutional safety, to call witnesses and present documentary evidence; and a written statement by the disciplinary board of the evidence relied on and the reasons for its action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Due process also requires that the decision of the prison disciplinary board be supported by "some evidence." *Id.*

■ Groves argues on appeal that he was denied due process because the notice he received charged him with trafficking and not bribery, and that he was therefore denied the opportunity to present a proper defense to the bribery charge. It is true that a notice must inform the inmate of the charges and enable him to marshal the facts in his defense. *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995). Groves acknowledges that he received a notice describing in detail the incident for which he faced disciplinary charges. Although the potential sanctions for trafficking and bribery differ, the factual basis here for both offenses was identical. The notice that Groves received gave him all of the information he needed to marshal the facts in his defense. Groves's defense to the trafficking charge was that he made the statements to Officer Henke in jest; he has not suggested that he could have asserted any other defense against the bribery charge. The notice thus served its purpose and was constitutionally adequate. *See Wolff*, 418 U.S. at 564, 94 S.Ct. 2963; *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th

Cir.1992) (prison disciplinary committee did not deny prisoner due process by elevating charge from possession of contraband—as specified in conduct report—to possession of dangerous contraband because factual basis for both charges was identical).

AFFIRMED.