**Omar G. BURTON, Petitioner–Appellant,**

**v.**

Cecil DAVIS,* Respondent–Appellee.

No. 01–2906.

United States Court of Appeals,
Seventh Circuit.

Submitted March 26, 2002.**

Decided March 27, 2002.

---

* Acting warden Cecil Davis is substituted as appellee for his predecessor Rondle Anderson. *See* Fed. R.App. P. 43(c)(2).

** After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, EASTERBROOK, and RIPPLE, Circuit Judges.

## ORDER

Omar Burton, an Indiana state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that he was denied due process of law in a prison disciplinary proceeding. The district court denied his petition, and we affirm.

On the morning of February 14, 2000, Officer Hudson, who was Mr. Burton's supervisor at his prison sanitation job, was following Mr. Burton from his work area to another area of the prison when she observed him give some "glue mousetraps" to another inmate. She asked Mr. Burton what he was doing, and he replied "[d]on't be doing no damn triping [sic]." Officer Hudson did not confiscate the mousetraps but returned to her office and wrote a conduct report charging Mr. Burton with "theft," presumably because she thought he stole the mousetraps while at his prison job. She concluded her report by stating that she did not want someone who steals working for her, adding that Mr. Burton is a mechanic and "should not be with any of that disinfect[ant] anyway." The theft charge on the conduct report, however, was subsequently crossed out and changed to "unauthorized possession of property."

Two days later, on February 16, Mr. Burton was notified that he had been charged with "unauthorized possession of property" in violation of prison disciplinary rule B–215, and that the prison's Conduct Adjustment Board (or "CAB") would hold a hearing. Mr. Burton pleaded not guilty, and he and his lay advocate attended the CAB hearing on February 24. His lay advocate argued that there was no evidence supporting the charge and also told the CAB that Officer Mundt could testify that Mr. Burton could not have been out of his cell at the time of the incident. No statement from this officer was presented to the CAB. Mr. Burton, however, asserted that at the time of the alleged incident he was in his cell for the morning roll call and that the only time Officer Hudson could have seen him "giving anyone anything outside on the walk was when I gave offender Petrovic some soups that came off commissary." Mr. Burton submitted a statement from Petrovic corroborating his version of events. Petrovic stated that "[o]n Monday or Tuesday, between B cell house and the education building; Burton had given me 2 soups off the commissary, because I had asked him for them."

The CAB rejected Mr. Burton's defense, stating that "[w]e do not believe his soup package looks like mousetraps." Nevertheless, the CAB did not find him guilty of "unauthorized possession of property" but instead found him guilty of "giving or accepting" something of value without proper authorization in violation of rule B–234. The CAB stated that it based this determination on Officer Hudson's conduct report and Mr. Burton's "admission" that he was involved in the incident even though he claimed to have given only soup to Petrovic. The CAB then revoked 90 days of Mr. Burton's earned good-time credits.

 After exhausting his administrative remedies, Mr. Burton sought federal habeas corpus relief. Because he suffered a loss of good-time credits, his petition was properly brought under § 2254, see *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir.2001), and the hearing held before the board had to comply with due process, see *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In prison disciplinary

proceedings, due process mandates that prisoners receive advance notice of the disciplinary charges, an opportunity to call witnesses and present documentary evidence, and a written statement of the evidence relied on and the reasons for the disciplinary action. *Wolff,* 418 U.S. at 564–66, 94 S.Ct. 2963. In addition, due process requires that the CAB's decision be supported by "some evidence." *Hill,* 472 U.S. at 455–56, 105 S.Ct. 2768. The district court found that the proceedings here satisfied these requirements and therefore denied relief.

■ On appeal Mr. Burton maintains that his due process rights were violated because the notice he received charged him with "unauthorized possession of property," not "giving or accepting" something of value without proper authorization. The purpose of the advance notice requirement is "to inform [the prisoner] of the charges" and "to enable him to marshal the facts and prepare a defense." *Wolff,* 418 U.S. at 564, 94 S.Ct. 2963; *see Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995). Here, the notice Mr. Burton received eight days before the CAB hearing described in detail the incident for which he faced disciplinary charges and provided the date, time, and place of the incident. This notice gave him all of the information he needed to marshal the facts in his defense, which he indeed did. The fact that the CAB modified the charge to "giving or accepting" following the hearing does not render the notice inadequate, particularly where, as here, the factual basis for both offenses was the same. *See Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992) (prison disciplinary committee did not deny prisoner due process by elevating charge from possession of contraband to possession of dangerous contraband because factual basis for both charges was identical). Mr. Burton argues that, because the CAB did not provide him with notice before modifying the charge, he was

prevented from putting on evidence that the soup he gave Petrovic had no "value" because the soups were given to inmates with their lunches. But such evidence would not have helped Mr. Burton because the CAB did not believe his claim that he gave Petrovic soup and not the mousetraps that Officer Hudson observed. Thus, the notice Mr. Burton received here satisfied due process.

■ Mr. Burton next argues that the CAB's conclusion that he was guilty of giving or accepting is unsupported by "some evidence." The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000). Moreover, we do not weigh the evidence or independently assess credibility but determine only whether the CAB's decision has some support. *See McPherson,* 188 F.3d at 786. Officer Hudson's conduct report–which the CAB apparently found more credible than Mr. Burton's testimony–alone provides "some evidence" for the CAB's decision. *See id.* And the conduct she described would violate the "giving or accepting" rule. Furthermore, Mr. Burton's own testimony that he indeed gave something to another inmate, even though he said that something was only soup, also supports the CAB's finding of guilt. Mr. Burton counters that the CAB's decision is undermined by Officer Mundt's statement that inmates like Mr. Burton were not being released from their cells during the week of February 14 until after the morning count. But Mr. Burton did not produce Officer Mundt's statement, which was dated three days *after* the CAB hearing, until his second administrative appeal. He offers no explanation for his failure to list the officer as a possible

witness or obtain his statement in time for the CAB hearing. Thus, he cannot now rely on this statement to demand a new hearing. *See id.*

Finally, Mr. Burton argues that the district court should have granted him relief because this disciplinary proceeding was retaliatory. To this end, he merely asserts that "when looking at these proceedings in general, it is clear that Mr. Burton was retaliated against with the use of anything that could be used by these prison officials" and that in preparing her conduct report Officer Hudson had a "vindictive" motive, *i.e.*, to get him fired from his prison job. Prisoners have a right to be free from arbitrary actions by prison officials, but the protection from such actions is found in the procedures mandated by due process. *See id.* at 787; *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987); *Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir.1984). "Once the prisoner has been afforded those protections, our role as the reviewing court is limited to determining whether there was sufficient evidence to support the committee's decision." *McKinney*, 831 F.2d at 733. Because Mr. Burton was afforded those protections, and some evidence supports the CAB's decision, we AFFIRM the district court's judgment denying his petition for a writ of habeas corpus.