Nathaniel JONES–BEY, Petitioner–Appellant,

v.

Cecil DAVIS, Superintendent, Respondent–Appellee.

No. 02–2237.

United States Court of Appeals, Seventh Circuit.

Submitted Aug. 12, 2003.*

Decided Aug. 13, 2003.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

ORDER

An Indiana State Prison conduct adjustment board ("CAB") found inmate Nathaniel Jones–Bey guilty of battery and sanctioned him with the loss of 180 days of earned-credit time and a suspended term of 180 days' disciplinary segregation. After exhausting his state remedies, Jones–Bey sought a writ of habeas corpus in federal district court under 28 U.S.C. § 2254. The court denied his petition and Jones–Bey appeals. We affirm.

On January 8, 2001, Jones–Bey poked female guard K. Walton in the buttocks with a rolled up piece of paper. Walton immediately filed a conduct report accusing Jones–Bey of sexual assault. The next day prison officials charged Jones–Bey with sexual assault. He pleaded not guilty, and in the screening report requested a witness statement from Sergeant M.S. McDaniel, who was present at the scene. In response McDaniel submitted an interdepartment memorandum stating that Jones–Bey had poked Walton in the buttocks with a rolled up piece of paper. At the disciplinary hearing Jones–Bey testified that he poked Wilson to get her attention. Instead of finding Jones–Bey guilty of sexual assault, the CAB convicted him of battery.

Jones–Bey alleges in his § 2254 petition that he was unconstitutionally deprived of earned-credit time without due process. The district court denied Jones–Bey's petition, concluding that prison officials provided Jones–Bey with adequate process. Our review of that decision is *de novo*. *See Pannell v. McBride*, 306 F.3d

499, 502 (7th Cir.2002) (per curiam). In Indiana prisoners have a protected liberty interest in earned good-time credits and cannot be deprived of them without due process. *See Piggie v. McBride*, 277 F.3d 922, 924 (7th Cir.2002) (per curiam). Due process entitles prisoners to basic protections, including written notice of the charges against them at least 24 hours in advance, the opportunity to present a defense to an impartial decisionmaker, and a written explanation of the factfinder's decision containing the evidence relied upon and the basis for the decision. *See Wolff v. McDonnell*, 418 U.S. 539, 563–64, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process also requires that a guilty finding be supported by "some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000).

Jones–Bey first contends that he was denied due process because he did not receive 24 hours' notice of the charge for which he was convicted. The conduct report charged him with sexual assault in violation of prison disciplinary rule B–104, but he was actually found guilty of battery in violation of rule B–212. The purpose of the requirement that prisoners receive advance written notice of the charges against them is to inform them of the nature of the charges so they can prepare a defense. *See Wolff*, 418 U.S. at 564, 94 S.Ct. 2963; *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995) (per curiam). This notice *generally* should include the number of the rule violated and a brief summary of the facts underlying the charge. *Whitford*, 63 F.3d at 534. Though Jones–Bey was convicted of a different offense than that originally listed on the screening report, he was on notice that he would be defending his treatment of Walton. The accompanying conduct report laid out the facts underlying the charge; indeed, Jones–Bey admitted to the conduct act alleged in the report. The factual allegations provided were sufficient to inform Jones–Bey of the nature of the charge and to allow him to mount a defense; therefore, prison officials did not violate Jones–Bey's right to due process. *See Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir.2003); *Whitford*, 63 F.3d at 534; *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir.1992).

■ Jones–Bey next argues that the prison violated his due process rights by thwarting his effort to have McDaniel testify at the disciplinary hearing. Under the Due Process Clause, inmates have the right to call witnesses at a hearing that results in a loss of good-time credits. *McPherson v. McBride*, 188 F.3d 784, 785–86 (7th Cir.1999). That right, however, is qualified–prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary. *See Pannell*, 306 F.3d at 503. Jones–Bey's verified § 2254 petition states that he twice requested McDaniel to testify at his hearing, but prison officials refused to make him available. Even if that is true, however, Jones–Bey fails to demonstrate how calling McDaniel to testify would have aided his defense. *See id.* He does not contend that McDaniel's version of the facts would have differed from his earlier report. The facts underlying the charge were undisputed, rendering McDaniel's testimony unnecessary. And even though McDaniel submitted a statement after the hearing opining that Jones–Bey's conduct did not constitute battery, that statement iterated the facts contained in the conduct report–Jones–Bey poked Wilson's buttocks. McDaniel had nothing to add factually, and his legal conclusion is irrelevant. As a result, Jones–Bey's due process rights could not have been violated.

Finally, Jones–Bey argues that his conduct did not violate Indiana law or the prison's disciplinary code, but this complaint is a matter of state law that cannot serve as the basis for § 2254 relief. *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Koo v. McBride,* 124 F.3d 869, 874 (7th Cir.1997).

AFFIRMED.