**Amos WILSON, Petitioner–Appellant,**

**v.**

**Daniel R. MCBRIDE, Superintendent Respondent–Appellee.**

No. 03–2370.

United States Court of Appeals,
Seventh Circuit.

Submitted March 24, 2004.*

Decided March 26, 2004.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

995

Amos Wilson, Michigan City, IN, pro se.

Ellen H. Meilaender, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before EASTERBROOK, MANION, and EVANS, Circuit Judges.

### ORDER

Indiana prisoner Amos Wilson filed a pro se petition under 28 U.S.C. § 2254 challenging his disciplinary conviction for disorderly conduct. Wilson was accused of kicking his cell door and spitting at a guard who had knocked on his door. After a hearing a Conduct Adjustment Board ("CAB") convicted Wilson of attempted battery. During the administrative review process the charge was reduced to disorderly conduct. Wilson lost 60 days' good-time credits. Wilson then filed this § 2254

petition, alleging that prison officials denied him due process during the disciplinary process and that his accuser, Officer Bailey, had fabricated the charges against him in retaliation for previous grievances. The district court denied the petition, and Wilson filed a timely notice of appeal. We affirm.[1]

Indiana prison inmates have a protected liberty interest in earned good-time credits. *McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999). When credits are at stake the inmate generally must receive advance written notice of the charges; an opportunity, when consistent with correctional goals and institutional safety, to call witnesses and present documentary evidence; and a written statement from the disciplinary board stating the evidence relied on and the reasons for its action. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 564–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process also requires that the decision of the prison disciplinary board be supported by "some evidence." *Hill*, 472 U.S. at 454.

■ Wilson first argues that he was denied due process because the charges against him were modified from attempted battery to disorderly conduct during the administrative appeals process. Essentially Wilson asserts that because the notice he received charged him with attempted battery, he was denied the opportunity to present a defense to the disorderly conduct charge. Notice of a disciplinary charge must inform the inmate of the charges against him and enable him to marshal the facts in his defense. *Wolff*, 418 U.S. at 564; *Northern v. Hanks*, 326

1. We decline the state's invitation to revisit our holding in *Walker v. O'Brien*, 216 F.3d 626 (7th Cir.2000). *See Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir.2003); *Northern v. Hanks*, 326 F.3d 909, 909 n. 1 (7th Cir.2003).

F.3d 909, 910 (7th Cir.2003); *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir.1995). Wilson acknowledges that he received a written notice describing in detail the incident for which he faced disciplinary charges. The factual basis for both charges was the same; the notice gave him sufficient information to marshal a defense and thus was constitutionally adequate. *See Northern,* 326 F.3d at 910–11; *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992). Indeed Wilson's defense to the attempted battery charge was that Officer Bailey fabricated the entire incident; he has not suggested that he would have asserted a different defense to the disorderly conduct charge.

■ Wilson also argues that he was denied the right to call four inmate witnesses in his defense. The disciplinary screening form shows that Wilson requested no witnesses, but he claims that he submitted a witness list to the CAB chairperson on the date of the hearing. A day-of-hearing request for witnesses is insufficient, *see Sweeney v. Parke,* 113 F.3d 716, 719–20 (7th Cir.1997), *overruled on other grounds by White v. Indiana Parole Bd.,* 266 F.3d 759, 765–66 (7th Cir.2001), although it appears from the record that the hearing was postponed to accommodate Wilson's request. The CAB did not call Wilson's proposed witnesses but instead considered their written statements. Three of the inmates stated simply that they had no information about the spitting incident, and the fourth refused to give a statement. Wilson nonetheless asserts that he was entitled to call these witnesses because they could have offered testimony about prior incidents when Officer Bailey banged on his cell door.

■ Inmates have a due process right to call witnesses at their disciplinary hearing, but there is no right to call witnesses whose testimony would be irrelevant, repetitive or unnecessary. *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir.2003); *Forbes v. Trigg,* 976 F.2d 308, 317–18 (7th Cir.1992). A violation of the right to call witnesses will be considered harmless unless there is evidence that the testimony could have aided the prisoner's defense. *See Piggie,* 344 F.3d at 678. We have nothing here except Wilson's bare assertion that his proposed witnesses had *any* information to give. Even if we assume that they had the information Wilson claims they did, and that Wilson properly requested their presence at the hearing, their testimony would have been irrelevant. The issue at the hearing was whether Wilson kicked his cell door and spit at Officer Bailey, not whether Officer Bailey banged on Wilson's cell door. (It is unclear if Wilson is attempting to assert some sort of provocation defense, which at any rate would conflict with his claim that Officer Bailey fabricated the entire incident.) To the extent that Wilson also argues that he should have been allowed to cross-examine his accuser, this argument fails because inmates have no constitutional right to confront and cross-examine adverse witnesses. *See Wolff,* 418 U.S. at 567–68; *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir.2003).

■ Wilson also raises a retaliation claim, essentially, that Officer Bailey fabricated the spitting incident because of Wilson's prior grievances. Prisoners have a right to be free from retaliation by prison officials, but we have held that the procedural requirements of *Wolff* adequately protect prisoners from fraudulent charges. *See McPherson,* 188 F.3d at 787; *McKinney v. Meese,* 831 F.2d 728, 733 (7th Cir. 1987). Because Wilson has failed to establish a violation of *Wolff,* his retaliation claim also fails. *See McPherson,* 188 F.3d at 787; *McKinney,* 831 F.2d at 733.

Because Wilson filed a frivolous petition in the district court followed by a frivolous

appeal, he has accumulated two strikes under 28 U.S.C. § 1915(g). *See Moran v. Sondalle*, 218 F.3d 647, 651–52 (7th Cir. 2000).

AFFIRMED.