**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2005[*]
Decided June 2, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3206

| | |
|---|---|
| RAPHAEL DRIVER,<br> *Petitioner-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division |
| *v.* | |
| CRAIG A. HANKS,<br> *Respondent-Appellee.* | No. 2:04-CV-138-LJM-WTL<br><br>Larry J. McKinney,<br>*Chief Judge.* |

## O R D E R

Raphael Driver, a prisoner at Wabash Valley Correctional Facility, filed a petition for habeas corpus under 28 U.S.C. § 2254 asserting that prison officials deprived him of earned good-time credits and lowered his credit-earning class without due process. The district court denied the petition because Driver got all the process that was due. We affirm.

---

[*] Appellee Craig Hanks notified this court that he was never served with process in the district court and would not be filing a brief or otherwise participating in this appeal. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

While Driver, who worked in the prison kitchen, was alone with his supervisor, he grabbed her, wrapped his arms around her, and pinned her against a kitchen table. She several times yelled for him to let her go, but he did not release her until another staff member entered. Driver's victim then completed a conduct report describing the incident and charging Driver with offense number B-216, "Engaging in sexual acts with another or making sexual proposals gestures or threats." This offense is rated Class B and punishable by, among other things, deprivation of up to six months' good-time credit and a reduction by one grade in credit-earning class. Ind. Dep't of Corr. Disciplinary Code for Adult Offenders, 02-04-101, at 24 & App. I (2004).

After giving Driver two days' written notice, the Conduct Adjustment Board held a hearing at which it considered Driver's oral testimony and written statements from the victim and the employee who witnessed the encounter. The victim and her coworker gave consistent accounts. For his part Driver admitted touching his supervisor but claimed that she just wanted a hug: in Driver's words, "It didn't happen the way she said it did." The board found Driver guilty of the charge and admonished him not to "grab staff"; it also took away 167 days of good-time credit and reduced his credit-earning class.

Driver filed a Disciplinary Hearing Appeal to the superintendent, respondent Craig Hanks, arguing that he did not engage in a sexual act or make a sexual proposal, gesture, or threat. Hanks affirmed the board's findings and sanctions but first modified the charge, reasoning that "the conduct report as written better supports the charge of B-212, battery." The modified charge, "Committing a battery upon another person without a weapon or inflicting serious injury," is likewise a Class B offense carrying the same potential punishment as the original charge. *Id.* Driver appealed again to the next level, this time arguing that the "conduct report as written" did not support the original charge and that modifying it violated his due process rights. His appeal was denied.

Driver then petitioned for habeas corpus, claiming as relevant here that he was denied due process when Superintendent Hanks modified the charge to battery without providing notice or a new hearing. The district court denied the petition, reasoning that the original conduct report and the evidence adduced at Driver's disciplinary hearing also supported a determination of guilt for battery.

On appeal Driver contends that the district court should have granted relief because the superintendent modified the charge without providing 24 hours' notice and a new hearing. As an initial matter, we note that Driver focuses largely on alleged violations of prison regulations, but this approach misses the point. Federal habeas corpus relief cannot be based on violations of state law. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002); *Mosley v. Moran*, 798 F.2d 182, 185 (7th Cir.

1986). Instead, the question is whether Hanks violated Driver's federal constitutional rights. Under the federal constitution, Indiana prisoners may not be deprived of their good-time credits and credit-earning class without due process. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003). That means that the prisoner must be afforded written notice at least 24 hours in advance, a meaningful opportunity to be heard by an impartial decision-maker, a limited chance to call witnesses and present documentary evidence, and a written explanation of the evidence and reasons for disciplinary action. *Superintendent Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Piggie*, 344 F.3d at 677. When a disciplinary charge is modified after conviction during administrative appeals, a revised notice and new hearing are not required so long as the inmate effectively defended as well against the modified charge because it is based on the same facts and supported by the same evidence adduced at the hearing. *Northern v. Hanks*, 326 F.3d 909, 910–11 (7th Cir. 2003) (per curiam) (no due process violation in modifying conspiracy and bribery charges during administrative appeal since facts provided in original conduct report and adduced at disciplinary hearing also supported new charge of attempted trafficking); *Holt v. Caspari*, 961 F.2d 1370, 1373 (8th Cir. 1992) (no due process violation where a prison disciplinary committee without prior notice modified charge of "possession of contraband" to "possession of dangerous contraband" since same facts supported both charges). Here Hanks based the modified charge of battery on the facts as stated in the victim's conduct report, which notified Driver that he would be defending against a charge of grabbing her and refusing her directive to let go. The modification did not expose Driver to any additional punishment. Moreover, Hanks' modification was consistent with the board's determination, which focused on Driver's act of grabbing his supervisor against her wishes. That determination was based on sufficient evidence and equally supported a charge of battery. In any event Driver has not suggested how offering any defense other than the one he offered might have changed the outcome. Therefore, the modification did not violate due process.

Because Driver got all the process that was due, the judgment of the district court is AFFIRMED.